BARTLESON ET AL. v. CLARK.

1. APPELLATE PRACTICE.

The findings of the court below upon disputed questions of fact will not be reviewed.

2. IMMATERIAL ERROR.

When there is sufficient evidence in the case to support the finding, error in admitting the evidence will not necessarily require a reversal of the judgment unless it be made to appear that injustice was done.

*Appeal from the County Court of Arapahoe County.*

Mr. E. W. WAYBRIGHT, for appellants.

Mr. W. W. DALE, for appellee.

BISSELL, J., delivered the opinion of the court.

This suit was begun before a justice of the peace, and it came to the county court on appeal, and was there tried without a jury. The controversy is not very exactly exhibited by the abstract and arguments, but, accepting the appellants' theory of the case, it may be very briefly stated thus : In the early nineties, Dr. Bartleson was the occupant of some premises in Denver, under contract of purchase with the then owner, whereby, as the appellant states, he was invested with some interest in the property. Under the agreement by which he held possession and whatever title was in him, he was bound to complete his purchase on certain terms within a time specified. He was unable to carry out the contract, but as he was desirous to acquire title, he sought some other person to carry out his contract and complete the purchase, and to hold the title subject to his right to repurchase on certain conditions. The matter was submitted to Mrs. Clark, who made an agreement about the matter. It is unnecessary to state all the details of this convention. It need only be said that the inducement to Mrs. Clark to take the property and carry out the agreement, and the consideration to be paid by the doctor therefor, other than the purchase price, lay in her acquisition of certain improvements which the doctor had put on the property during his antecedent occupancy. There is very little question about most of these matters, since it is admitted he agreed that Mrs. Clark should have the benefit of these improvements and certain outside betterments which he had put on the land. The whole dispute turns on whether the combination fixtures which the doctor had put into the house went with it as a part of the consideration which he was to pay for Mrs. Clark's performance of her part of the contract. In reality, the whole thing is a matter of testimony, and the parties are at variance respecting what the agreement was. If the contention of the Clarks is correct, there was a specific agreement that the fixtures should go to Mrs. Clark as part consideration for her performance.

This is strenuously denied by the doctor, and some discussion is indulged in as to what these articles were, whether what is commonly known as "fixtures," which pass with the realty, or whether the tenant who owned them had a right to take them out. . It might be stated that the doctor continued as a tenant of Mrs. Clark, at an agreed rental, for some time. When he moved, he took out the fixtures, and suit was brought against him for their value. On this matter of an agreement about the fixtures, the court found with Mrs. Clark and rendered judgment for the value. Since the case was tried without a jury, and the whole matter really turns on a disputed question of fact, we are practically without either the right or the inclination to disturb the court's conclusion and render an adverse judgment because we happen to differ with him. The conclusiveness of such findings is well settled. *Brunk v. Staats, ante,* p. 70.

There are some other suggestions made in the brief, based on a discussion of alleged errors committed by the court in admitting testimony. We do not regard these errors as of sufficient consequence to warrant us to reverse the judgment. If errors were committed, still there was enough evidence in the case to justify the court's finding, assuming that he did not err in his conclusions about the fact. Under these circumstances, and under the limitations of our code, which forbid us to disturb judgments unless it is made to appear that injustice has been done the parties, we would not be at liberty to enter a judgment of reversal, even though we should conclude the court had erred respecting the admission of this testimony.

We do not discover anything in the record which should be permitted to interfere with the result reached by the trial court, and under these circumstances the judgment must be affirmed.

*Affirmed.*