Wilson, J.,
delivered, the opinion of the court.
Plaintiff brought suit to recover a sum of money alleged to be due to him for commission earned by him as a real estate broker in the negotiation of a trade of real property. The answer specifically denied the employment of plaintiff, any service rendered by him, and also any promise of defendant to pay. The action was originally begun in the county court. Upon trial there by a jury, the verdict was in favor of plaintiff and judgment accordingly. On appeal to the district court, trial was to the court, a jury being waived. The findings and judgment were again in favor of plaintiff. The issues were exclusively those of fact, and the only error urged to this court is that the findings and judgment were against the weight of the evidence. The findings were upon conflicting testimony, and in such case they are conclusive upon review, unless it is manifest that the evidence is wholly insufficient to support them. This rule has been repeatedly announced and affirmed by this court and also by the supreme court. Jones v. Sullivan, 22 Colo. 224; Cascade Ice Co. v. Water Company, 28 Colo. 294; Bartleson v. Clark, 8 Colo. *449 App. 236; Brunt et al. v. Staats, 8 Colo. App. 70. And this rule is observed even though the appellate court might feel dissatisfied'with the conclusion of the trial court or the verdict of the jury. Brunt et al. v. Staats, supra; Denver, etc., R. R. Co. v. Hodgson, 18 Colo. 122.
The reason of the rule is obvious. The fundamental idea upon which the right to a jury trial is based is that the jury has the exclusive power, subject to the instructions of the court, to pass upon questions of disputed fact. The authority to finally settle and determine these questions must be vested somewhere or there would be no end to litigation. Under our system of laws it is in the jury before whom the witnesses appear and testify. The theory of the law is that their findings are conclusive within their province, subject only to the right of the court to grant a new trial and have a new jury, where there has been no evidence or a manifest lack of sufficient evidence to support their finding. It is an elementary proposition of law that -juries are the sole judges of the credit which may be attached to the testimony of the various witnesses in case of conflicting evidence, and the only matters by which this credibility is to be determined and measured, come under their immediate personal observation. They see the witnesses, hear them testify, and can.best- judge from their appearance, manner, etc., as to which is most worthy of belief as to any matter disputed. The same reasons require reliance to be placed upon the findings of a trial judge where a jury is waived. Appellate courts are entirely without such means and opportunity to test and determine the credibility of the witnesses. The written or printed testimony alone is presented to them, and so far as they can determine from this, the evidence of one is entitled to as much credit as that of another. The reasons for the observance of this rule become still more weighty and binding, when, as in the case at bar, there have been two trials with the same result. Quimby v. Boyd, 8 Colo. 209; Todd v. Demeree, 15 Colo. 88.
This case comes wholly within this rule. There was evidence upon which a finding and judgment for either party *450 could have been based, and by which it could have been supported. In such case, reversal by this court would be in violation of the established rule of appellate practice, which is not only reasonable, fair and just, but which experience has demonstrated to be absolutely essential and necessary to the proper dispensation of justice and the ultimate termination of litigation.
The judgment will be affirmed.

Affirmed.