TODD v. DEMEREE.

1. APPEAL — REVIEW — WEIGHT OF EVIDENCE.— In determining the correctness of a verdict on the evidence, weight should be given the fact that on two previous trials the finding had been the same.

2. OBJECTIONS TO INSTRUCTIONS.— When a charge to a jury, taken as a whole, is substantially correct, the verdict will not be interfered with because certain portions of the charge, taken alone, may be open to objection or criticism.

*Appeal from District Court of Douglas County.*

Messrs. Browne & Putnam, for appellant.

Messrs. William Dillon and Markham & Dillon, for appellee.

Reed, C.  Appellee brought suit against the appellant to recover damages for an alleged breach of contract.  The parties entered into a written contract on May 1, 1885, whereby it was agreed that appellee was to occupy a farm of the appellant for one year, raise the crops for a certain share, care for and milk the cows, make butter, of which he was to have one-half, and was to have one-third of the pigs and calves born on the place during the year.  It appears from the evidence that appellee put in some crops, nearly thirty acres; that he tended and cared for the crops, milked the cows, and made the butter (which was divided as made) until about the 1st of July, some two months after he entered upon the property, when trouble arose between the parties, and appellant caused a written notice to be served upon the appellee ordering him to vacate and leave the premises, which he did, leaving and abandoning the place. He received no share of the crops when matured, nor increase from hogs and cows.  The suit was first brought before a justice of the peace, where plaintiff obtained a judgment for $182.

An appeal was taken to the county court, the case tried to a jury, resulting in a verdict for plaintiff for $75, which was set aside, and a new trial granted.  The case was then taken by change of venue to the district court, tried to a jury, where a verdict of $82 in favor of plaintiff was found, and judgment entered for that amount, from which this appeal was taken.  The appeal having been taken under the act of 1885, this court can only examine and review such parts of the record as are brought up in the abstract, there being two — one by the appellant, and one, called "an amended abstract," brought up by appellee.  Sufficient

appears to show that the testimony was very voluminous, and upon some questions quite contradictory and confused. From it the jury were warranted in finding that the appellant had violated his contract of lease, and terminated the tenancy of appellee, and that appellee was entitled to compensation; and the fact that upon two previous trials the finding had been the same should not be disregarded in determining the correctness of the verdict upon the evidence. Neither under the facts as found nor the circumstances as shown by the evidence can the amount of damages allowed by the jury be considered excessive.

It is assigned for error that the court improperly admitted and excluded testimony, and that the instructions of the court were erroneous. A careful examination of the abstracts fails to disclose any error to the prejudice of appellant, either in the admission or rejection of evidence. Certain portions of the charge to the jury, if taken alone, might be open to objection and criticism; but, taken as a whole, it was substantially correct, and was fully as favorable to appellant as was warranted by the circumstances and facts. We think the judgment should be affirmed.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is affirmed.

*Affirmed.*