[Civ. No. 2210.    Second Appellate District.—February 16, 1917.]

## JAY H. POTTER, Respondent, v. BACK COUNTRY TRANSPORTATION COMPANY (a Corporation), Appellant.

NEGLIGENCE — PERSONAL INJURIES — CONFLICT OF EVIDENCE — APPEAL— VERDICT CONCLUSIVE.—In an action to recover damages for personal injuries, where the evidence as to the negligence of the defendant and the contributory negligence of the plaintiff is in conflict, the appellate court is bound by the determination of the jury.

ID.—INSTRUCTION—FAILURE TO GIVE—APPEAL.—An appellant may not on appeal for the first time take advantage of the trial court's failure to give some specific instruction, if he presented no such instruction to that court.

ID.—DOCTRINE OF LAST CLEAR CHANCE—RIGHT TO INVOKE.—The doctrine of "last clear chance" can be invoked only in favor of the person who is injured.

APPEAL from a judgment of the Superior Court of San Diego County.   C. N. Andrews, Judge.

The facts are stated in the opinion of the court.

Morganstern, McGee, Henning & Hendee, and Doolittle & Morrison, for Appellant.

Kirk & Kirk, and E. E. Kirk, for Respondent.

CONREY, P. J.—The action is one to recover compensation for personal injuries which resulted from a collision between plaintiff and an automobile driven by a servant of the defendant.   Pursuant to the verdict of a jury, judgment was entered in favor of the plaintiff, and the defendant appeals therefrom.

There is evidence tending to show the following facts: Late in the afternoon of November 16, 1913, the plaintiff was walking across and toward the west side of Fourth Street, in the city of San Diego.   After passing the middle of the street he saw defendant's car coming toward him at a distance of not more than 150 feet and at the rate of about twelve miles per hour.   Observing that the automobile was changing its direction, the plaintiff took a step backward, checked himself, and then started backward again.   Thereupon the automobile turned again toward the plaintiff and struck him.   It knocked him about eight feet, ran upon his leg and broke it, then reversed, and backed away.   If these were the facts, they were sufficient to authorize the jury to find in favor of the plaintiff upon his charge that the defendant wrongfully, unlawfully, carelessly, and negligently struck the plaintiff with its automobile, whereby the plaintiff was injured.   This is so, notwithstanding testimony tending to show that the plaintiff was intoxicated and that the plaintiff ran back into the path of the automobile after he had gotten across and out of danger.   These were disputed facts, and the question of negligence of the defendant, and also the question of contributory negligence of the plaintiff, were questions of fact to be determined by the jury in accordance with their belief derived from the testimony presented.   The testimony of the plaintiff and his witnesses as to these matters was in conflict with the testimony of the witnesses produced by the defendant, and

we are bound by the jury's determination of the facts. It may be noted by the way that the driver of the automobile was not a witness at the trial, although there is evidence indicating that his testimony could have been obtained. Appellant insists that it should not be held liable for the injury which plaintiff "sustained by suddenly stepping in front of defendant's automobile." The difficulty with this proposition is that, according to the testimony which the jury had a right to believe and did believe, the injury was not thus sustained.

Numerous objections are urged with respect to the instructions given by the court to the jury. These criticisms refer to an instruction defining negligence; to alleged failure of the court to give direction to the jury to find the circumstances surrounding the occasion under consideration, or the measure of care owed by the defendant to the plaintiff under those circumstances; to the alleged failure to instruct the jury that if the plaintiff stepped in front of the automobile so close to it that there was not sufficient time in which the appellant could have prevented it from striking plaintiff, there was no duty on the defendant to avoid the accident, the failure to perform which duty is legal negligence; to alleged comments on the evidence, which appellant claims were charges to the jury upon matters of fact; to alleged errors of instructions to the jury upon the duty and obligation of the defendant toward plaintiff upon the theory that plaintiff had been placed in a position of emergency and of sudden and unexpected danger; to an alleged erroneous instruction upon the doctrine of "last clear chance"; to ambiguity and confusion in the instructions as a whole; to alleged errors in instructions upon the measure of damages.

The record shows that the court refused to give instructions which were offered by the respective parties, but does not show what these instructions were. And we do not know how far the instructions given by the court on its own motion were inconsistent, or that they were inconsistent at all, with those requested by the appellant. With regard to omissions to give instructions, we need say no more than that an appellant may not here for the first time take advantage of the trial court's failure to give some specific instruction, if he presented no such instruction to that court. (*Henderson* v.

*Los Angeles Traction Co.*, 150 Cal. 689, 697, [89 Pac. 976];
*Hardy* v. *Schirmer*, 163 Cal. 272, 275, [124 Pac. 993].)

We find no prejudicial error in the instructions as given.
Since a recital of those instructions would not raise any novel
question of law or deal with any unusual application thereof,
we shall not prolong the discussion very much beyond a gen-
eral statement of our conclusions upon the objections pre-
sented, or set forth in detail our concurrence with appellant
as to various inaccurate words and phrases which do not in
any important sense affect the court's statement as a substan-
tially correct exposition of the law. Notwithstanding these
inaccuracies, the instructions contain a fair statement of the
doctrine of negligence; of the rule requiring ordinary care on
the part of the defendant to avoid injuring the plaintiff and
requiring ordinary care on the part of the plaintiff to avoid
exposing himself to injury; and of the rules governing the
measure of damages. The language of the court in referring
to the testimony did not in any instance amount to a state-
ment of the judge's opinion upon any disputed fact; but, on
the contrary, he directed the jury that in determining the
facts they were not even to draw any hints or inferences from
any statement made by him. There was testimony tending
to show that by the change of direction of the automobile the
plaintiff was suddenly placed in peril, and therefore the court
was authorized to give the jury an instruction as to the duty
of plaintiff under circumstances of sudden and unexpected
danger.

Complaint is made that the court stated that the doctrine
of the last clear chance ''has no application to the acts of the
plaintiff in this case, so far as the circumstances involved in
this case are concerned,'' and then proceeded to instruct on
the subject on the contrary theory. The instruction as a
whole is uncertain and confusing in its terms, and finally
states that ''if you see fit to apply the last clear chance to
plaintiff's actions, if you should believe that the plaintiff dis-
covered that the automobile was in danger of being run into
by him, or put in a place of danger, where it might suddenly
be called upon to swerve and cause danger to itself or its
driver, and that the plaintiff discovered that that danger was
not apprehended or understood by the driver, and that he
could by the exercise of ordinary care, avoid it, or by the
exercise of a high degree of care, avoid it, it was his duty to

avoid it. I suppose the same rule does apply to both parties.'' It does not seem that appellant could have been injured by this instruction. As there was no injury to the automobile or to its driver, the last foregoing quoted statement hit only the viewless air, so far as this case is concerned. And there was no error in the court's earlier statement that the doctrine of last clear chance had no application to the acts of the plaintiff in this case. For, "strictly considered, this doctrine can be invoked only in favor of the person who is injured." (*Spear* v. *United Railroads,* 16 Cal. App. 637, 659, [117 Pac. 956].)

Counsel for appellant state in their brief that the defendant has appealed from the judgment and from an order denying its motion for a new trial. The transcript does not show that there is any appeal, other than from the judgment. The judgment is affirmed.

James, J., and Shaw, J., concurred.