WILLIAMS, RESPONDENT, v. THOMAS, APPELLANT.

(No. 4,206.)

(Submitted September 24, 1920. Decided December 1, 1920.)

(194 Pac. 500.)

*Promissory Notes — Defenses—Release—Duress—Threats—Imprisonment—Want of Consideration—Trial—Practice—Pleadings—Amendment to. Conform to Proof—Discretion—Instructions.*

Promissory Notes—Defenses—Execution of Release Under Threats—Jury Question.

1. Where, in an action on a promissory note in which the maker interposed the defense that he had been released from liability thereon by an instrument in writing executed by plaintiff, in reply to which the latter alleged want of consideration, in that the release had been secured by intimidation and threats of imprisonment, the question whether the release had been procured under the overpowering influence of threats or fear, and therefore without consideration, was for the jury's determination.

Same—Release—Execution Under Fear of Imprisonment—Effect.

2. Execution of an instrument under fear of imprisonment is sufficient to make it voidable.

Verdict—Evidence—Sufficiency.

3. A verdict based upon evidence which from any point of view could have been accepted as credible by the jury is binding upon the supreme court even though to it it may appear inherently weak.

Trial—Practice—Amendment of Pleadings to Conform to Proof—Discretion.

4. Permission to a party to amend his pleading to conform to the facts proven is a matter within the discretion of the trial court.

Same—Weight of Uncorroborated Testimony—Instructions—Proper Refusal.

5. Refusal of an instruction to the effect that the uncorroborated testimony of a witness is insufficient in law to prove a fact was proper, under section 7861, Revised Codes.

*Appeal from District Court, Yellowstone County; Charles A. Taylor, Judge.*

ACTION by George W. Williams against J. R. Thomas. Judgment for plaintiff. Defendant appeals from it and an order refusing him a new trial. Affirmed.

Cause submitted on briefs of Counsel.

*Messrs. Collins, Campbell & Wood,* for Appellants.

*Mr. J. W. Snellbacher* and *Mr. E. E. Enterline,* for Respondent.

MR. JUSTICE COOPER delivered the opinion of the court.

The complaint is upon a promissory note in the usual form. The answer denies liability and affirmatively alleges that the note sued on was paid as is evidenced by a certain instrument and release in writing on or about November 7, 1914, discharging the obligations of the defendant thereon. The reply denies the averments of the answer, and alleges affirmatively that the release secured by defendant is void for want of consideration, because prior to its execution defendant threatened a criminal prosecution and imprisonment, and that he would institute an action for slander against plaintiff if he did not desist in demand for payment of the note in suit and did not execute a release discharging defendant from liability thereon, for the reason that such demands and insistence of payment of said note tended to ruin defendant's credit in the town of Broadview, where he was then engaged in the mercantile business; that plaintiff, being out of possession of said note and being from time to time intimidated by such threats and believing that such actions could be maintained if he insisted upon payment of said note, had failed to enforce collection thereof, and being ignorant and mistaken in his legal rights in the premises, executed a release prepared by an attorney for the defendant; that before and at the time of the execution of the release the defendant well knew that plaintiff was ignorant of and misapprehended his legal rights in the premises and did not rectify the same, but, on the contrary, induced and caused plaintiff to believe that he, defendant, could prosecute him criminally and sue him for slander, although defendant himself well knew he could not prosecute plaintiff criminally, or otherwise. That until advised by counsel now representing him immediately prior to the bringing of this action, plaintiff was ignorant and mistaken as to his legal rights, was not advised of his right to rescind the release, of his right to collect said note, nor that he could not be subjected to criminal prosecution, or other legal action.

The cause was tried upon the pleadings as they were tendered by the parties; a verdict returned in favor of the plain-

58 Mont.—37

tiff, and judgment rendered thereon. Motion for a new trial was made and overruled, and appeals were taken from the judgment and from the order of the district court denying a new trial.

Motions were interposed by defendant at the end of plaintiff's case and at the close of the evidence challenging the sufficiency of the evidence to support the plea of confession and avoidance and the right of the plaintiff to rescind for the release given. These motions were overruled and the case was submitted to the jury upon the pleadings, the instructions of the court and the evidence. If the result reached by the jury fairly responds to the issues made by the pleadings and finds support in the evidence directed to the only substantial issue of fact in the case, *viz.*, want of consideration for the execution of the release relied upon to defeat the note, the verdict and judgment will be allowed to stand.

Appellant's assignments of error are ten in number. Seven of them (1, 2, 3, 5, 7, 9 and 10) impeach the sufficiency of the evidence to sustain the verdict and findings of the jury. These will be grouped and considered together.

The evidence touching the manner in which the original [1] indebtedness between the parties was created, the evidence as to the correctness with which defendant kept account of the dealings between them, the events leading up to the giving of the note, as well as the execution of the release purporting to discharge the liability of the defendant thereon, the threats of prosecution and of the institution of a civil suit for damages which it is claimed induced the plaintiff to execute the release, and all the incidents attending and illuminating the transactions between the parties in all its essential particulars, was sharply in conflict. The conclusion of the jury upon the evidence was that no consideration passed to the plaintiff for the release so made, and that the acts of the plaintiff in respect thereto were not free or voluntary upon his part. That issue was fairly placed before the jury upon the pleadings and the evidence, unaffected by any error of law upon the part of the court. There was no dispute concerning the execution of the release, so that, if

untainted by fraud, threats, undue influence or advantage taken of the necessities or weakness of the plaintiff as a means to bring about its making, the apparent purpose for which it was made was fully accomplished. Until the integrity of the instrument had been effectively assailed, it imported the effect its terms imply. Upon this showing, the burden then passed to the plaintiff, and obliged him to satisfy the jury by a preponderance of the testimony that the release was given under the overpowering influence of threats or fear, without consideration, and was in fact no release at all. Primarily, the question was whether that requirement had been met by the proof adduced by the plaintiff for that purpose. That issue was found in plaintiff's favor. It was then for the trial court, in passing upon the motion for a new trial, to say whether the evidence upon which the verdict stands was sufficient in substance to sustain it. Upon this controlling question, the evidence, it is true, was in sharp conflict; but, by the jury, it was held to be of preponderating influence against the validity of the release, and by the trial court sufficient in weight to uphold the judgment. By that we are bound. (*Harrington* v. *Butte & B. Min. Co.*, 27 Mont. 1, 69 Pac. 102.)

Upon the pleadings, made up as they were, and the theory [2] of the case adopted as it was by the plaintiff and followed by the defendant, there was no room for any issue other than the consideration for the instrument by which defendant sought to be exonerated from liability upon the note in suit. If the note had been paid in fact, or the liability of the defendant thereon discharged in some other manner, and the plaintiff acted in its making as a free agent, uninfluenced by such threats, impositions, fear or menace as would unseat the will, then the verdict and judgment should have been the other way. But if the defendant made threats to imprison the plaintiff if he did not execute the release, and they were sufficient in severity and apprehension to overcome his mind and to subject his will to that of the defendant, that of itself would be sufficient to overthrow the instrument and to entitle the plaintiff to a verdict at the hands of the jury. (Rev. Codes, sec. 4976; 1 Story's Equity Jurisprudence, 14th ed.,

sec. 342; Bishop on Contracts, secs. 716, 717.) 'As was said by Lord Ellenborough in a case involving a similar principle: "This is not a case *par delictum;* it is oppression on one side and submission on the other; it never can be predicated as *par delictum,* when one holds the rod and the other bows to it." (*Smith* v. *Cuff,* 6 Maule & S. 160, 105 Eng. Reprint, 1203; see, also, Pomeroy's Equity Jurisprudence, sec. 942, and cases there cited.)

The ultimate fact for determination here is whether the release was due to the free and voluntary operations of a mind unfettered by fear or apprehension, or of a mind subservient to dictation or to an unlawful intimidation or compulsion of another. It has been said that a man cannot avoid his contract on the ground that it was procured through the fear of imprisonment. But Lord Coke says the fear of imprisonment is enough. (2d Inst. 483; Coke Litt. 253, b.) And so the rule has been understood since that time. (Com. Dig., Pleader, 2 W. 20; Bac. Ab., Duress A.; 1 Chitty on Contracts, 273.) As civilization has advanced, the law has tended more strongly to overthrow everything which is built upon violence or fraud. Such a contract wants the voluntary, assent of the party to be bound by it. (*Foshay* v. *Ferguson,* 5 Hill (N. Y.), 154.)

Cases of this class must stand upon their own particular circumstances. They are so numerous, and the devices resorted to so varied, that it would be impossible to lay down a rule of law applicable to every state of facts involving ignorance or mistake, mixed with misrepresentation, fraud, menace or imposition preventing the free operations of the will, and where through the fraility of one a benefit has been conferred upon another which he cannot in good conscience retain. In the present case, it does appear that the jury believed that the plaintiff was induced to execute the release and to discharge the obligation of defendant under compulsion, contrary to his will and inclination, and under a threat of imprisonment sufficient to compel him to submit to an illegal exaction by the force of a dominant will he was not able to withstand.

The case made by the plaintiff—he was the main witness

[3] who testified in his favor as to the transaction out of which the controversy arose—is inherently weak, so much so that we can hardly reconcile ourselves to the idea that any body of reasonable men, such as we must presume the jurors who returned the verdict in this case were, could give plaintiff's own testimony credit after considering it in the light of all the attendant circumstances. So long as we have a jury system, however, and it is the office of the jurors to judge of the effect or value of evidence addressed to them and to determine the credibility of witnesses, this court is bound by their finding, if based upon evidence which from any point of view they could have accepted as credible. We, therefore, reluctantly concur in the results reached by the jury and the trial court.

The fourth specification charges error in allowing the [4] plaintiff to amend his reply in accordance with the facts proven. This was a matter entirely within the discretion of the trial court. In view of the fact that the pleadings and the issues were adjusted and determined by the parties themselves, and the trial conducted in conformity with the theory thus adopted and pursued by both parties, the ruling of the court in this regard ought not to be disturbed.

In specification No. 5 appellant complains of the refusal [5] of the court to charge the jury that the uncorroborated oral testimony of the plaintiff is insufficient in law to entitle him to rescind the release in question. Inasmuch as section 7861, Revised Codes, provides otherwise, no error can be predicated on the refusal of the court to so charge the jury.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HOLLOWAY, HURLY and MATTHEWS concur.

ON MOTION FOR REHEARING.

(Decided January 17, 1921.)

MR. JUSTICE COOPER delivered the opinion of the court.

Counsel for appellant insists that the decision of this court "ignores the theory upon which the said action was tried in the district court and is predicated and based upon a theory never before suggested, either in the trial of the action of the court below or upon the submission of the action upon appeal, and that the adoption in this court of the theory of the case in the court below, as outlined in the record and as defined by the instructions in the district court, would render impossible the decision rendered by this court."

In the opinion, the issues tendered by the answer and the replication are fully and fairly recited and need not be repeated. That the case was tried upon the very theory counsel now says was "never before suggested," is clearly evinced by the pleadings themselves, the evidence, the instructions and the interrogatories the trial court submitted to the jury, at the request of counsel for appellant. In the first of the special questions propounded upon plaintiff's theory of the case, the jury found that the release introduced in evidence was not executed by the plaintiff freely and voluntarily; and in response to the other—embodying the defendant's theory of the case—that the check introduced in evidence by the defendant was not given to the plaintiff in payment of the note sued upon or any part thereof.

The court's instruction No. 12, tendered by defendant's counsel and given to the jury, is a full and complete exposition of the law upon the question counsel now asserts was never suggested in the court below. It is as follows:

"You are instructed that in this case you must first consider and determine the sufficiency of the proof offered by the plaintiff tending to establish his right to rescind the release that has been introduced in evidence in this case. That

the burden of proof is upon the plaintiff to establish to your satisfaction by a reasonable and clear preponderance of all of the evidence in this case that he did not execute and deliver such release freely and voluntarily; but, on the contrary, you must find that the plaintiff has established to your satisfaction by a clear preponderance of all of the evidence in this case that:

"(a) The defendant, Thomas, did threaten the plaintiff, Williams, with criminal prosecution, imprisonment or an action for slander for the purpose of inducing the plaintiff, Williams, to execute said release.

"(b) That the plaintiff Williams, was advised by his said attorney that the plaintiff could so prosecute, imprison or sue him.

"(c) That, relying upon the advice of his attorney, and being actually mistaken as to his legal rights and liabilities, he was misled by such mistake to execute and deliver said release.

"(d) That the defendant, Thomas, at the time of the execution of said release and prior and subsequent thereto, well knew that the plaintiff was ignorant of and misapprehended his legal rights, and that he, Thomas, did not rectify the same, but, on the contrary, induced and caused the plaintiff to believe that he, Thomas, could prosecute the plaintiff criminally or sue him for slander, and that thereby he induced and caused the plaintiff to execute said release.

"(e) That Thomas, the defendant, knew that he could not prosecute the plaintiff criminally or sue him for slander under the circumstances aforesaid."

Instruction No. 14 was likewise proposed by defendant and given by the court, and advised the jury in plain terms "that a party to a contract could rescind the same if the consent of the party rescinding, or of any party jointly contracting with him, was given by mistake, or obtained through duress, menace, fraud or undue influence, exercised by or with the

connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party."

The motion for rehearing is denied.

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

ASSOCIATE JUSTICES HURLY and MATTHEWS, who. participated in the original opinion, are no longer members of the court and therefore take no part in the opinion on motion for rehearing.