HARRINGTON, RESPONDENT, *v.* MUTUAL LIFE INSURANCE CO. OF NEW YORK, APPELLANT.

(No. 4,290.)

(Submitted January 14, 1921. Decided February 28, 1921.)

[195 Pac. 1107.]

*Life Insurance—Delivery of Policy—Evidence—Sufficiency— New Trial—Same Verdict on Previous Trials—Effect.*

Appeal and Error—Verdict—Insufficiency of Evidence.
   1. The verdict of a jury will not be set aside on the ground of the insufficiency of the evidence if there is any substantial evidence to support it.

Life Insurance—Delivery of Policy—Evidence—Sufficiency.

    2.  In an action on a life insurance policy in which the question at issue was whether deceased signed or did not sign a receipt which recited that the policy delivered to him was only for inspection purposes and that it was not to be considered in force notwithstanding acknowledgment therein that the premium had been paid, evidence *held* sufficient under the above rule, to uphold a verdict the effect of which was that the signature was not his genuine signature.

Appeal and Error—Insufficiency of Evidence—Same Verdict on Previous Trials—Effect.

    3.  Where reversal of a judgment is asked on the ground of the insufficiency of the evidence, the court will be more reluctant to grant a new trial when a similar verdict has been rendered by two different juries on previous trials of the cause.

*Appeals from District Court, Silver Bow County; J. J. Lynch, Judge.*

ACTION by Mrs. Mary J. Harrington against the Mutual Life Insurance Company of New York.  From a judgment for plaintiff and an order denying its motion for new trial, defendant appeals.  Affirmed.

*Mr. Chas. R. Leonard* and *Mr. F. C. Fluent,* for Appellant, submitted a brief and one in reply to that of Respondent, and argued the cause orally.

Counsel for respondent put great confidence in the testimony as to the genuineness of the signature on the inspection receipt.  But we submit that the whole case of plaintiff in respect to the genuineness of the signature on the inspection receipt is made from the testimony of plaintiff herself and from that of Mrs. Gleason.

Plaintiff testified as to the circumstances of the delivery of the policy, and that her husband "did not sign any papers at all."  Opposed to this is the inspection receipt bearing the signature of John M. Harrington and the signature of James Cotter as a witness and also the testimony of Cotter that he was present and saw John M. Harrington sign the inspection receipt and that he at the same time signed it as a witness.

---

    2. What constitutes delivery of policy of insurance, see note in 138 **Am. St. Rep.** 50.

Five experts testified to its genuineness. It cannot be denied that plaintiff is an interested witness. But when she is shown other signatures of John M. Harrington, she is also a careful witness. She will at no time say positively that signatures shown her are those of her husband. But without any qualification she at all times answered "no" when asked as to the signature on the inspection receipt, although she says she did not see him sign it. As to one signature in the case she is positive, and this in the face of the fact that Cotter saw deceased sign the inspection receipt and in the face of the testimony of five experts from five different banks in Butte.

Direct testimony is weightier than opinion evidence. (1 Moore on Facts, secs. 663, 675; *Turner* v. *Hand,* 3 Wall. Jr. (C. C.) 88, 24 Fed. Cas. No. 14,257; *Boylan* v. *Meeker.* 28 N. J. L. 274, 327; *Roberts* v. *Woods,* 82 Ill. App. 630.)

The application contained a provision that the policy should not take effect until the first premium shall have been paid during applicant's continuance in good health. This provision is valid and enforceable. "Applications for policies of life insurance as well as policies frequently provide that the policy shall not take effect unless it is delivered to the insured and the first premium paid while he is in good health, and such a provision is valid and enforceable." (14 Ruling Case Law, 900.)

No recovery can be had on a policy delivered on condition that it shall not take effect until the premium is actually paid in insured's lifetime and good health, where no payment of the premium is made during the lifetime of the insured, and no offer of payment is made until he is dangerously ill. (*Perry* v. *Security Life & Annuity Co.,* 150 N. C. 143, 63 S. E. 679; *Piedmont etc. Life Ins. Co.* v. *Ewing,* 92 U. S. 377, 23 L. Ed. 610.) Courts cannot with safety vary the stipulations of the parties by introducing equities for the relief of the insured against their own negligence. (*New York Life Ins. Co.* v. *Statham,* 93 U. S. 24, 23 L. Ed. 789; *Sullivan* v. *Germania Life Ins. Co.,* 15 Mont. 522, 39 Pac. 742; *Kennedy* v.

*Grand Fraternity,* 36 Mont. 325, 25 L. R. A. (n. s.) 78, 92
Pac. 971; *Collins* v. *Metropolitan Life Ins. Co.,* 32 Mont. 329,
108 Am. St. Rep. 578, 80 Pac. 609, 1092.)

*Mr. A. A. Grorud* and *Mr. B. K. Wheeler,* for Respondent,
submitted a brief; *Mr. Wheeler* argued the cause orally.

MR. JUSTICE REYNOLDS delivered the opinion of the
court.

Plaintiff brought action against defendant for recovery upon
a life insurance policy issued by defendant to John M. Har-
rington, now deceased.

On May 23, 1913, insured made application to defendant
for insurance policy, passed satisfactory examination, and
policy was issued payable to his wife as beneficiary, plaintiff
in this action. One James Cotter, who took the application,
delivered the policy to Harrington on the seventh day of
June, 1913, but without the payment of any part of the
premium. Plaintiff claims that there was an unconditional
delivery of the policy, and that sixty days' credit was ex-
tended to insured for payment of first premium. Defend-
ant insists that there was a delivery for inspection only, and
produced an inspection receipt which defendant claims was
executed by insured at the time of the delivery, reading as
follows:

"June 7th, 1913.

"The receipt of policy No. 2070953 of the Mutual Life In-
surance Company of New York for $2,000.00 on the life of
John M. Harrington is hereby acknowledged. It is under-
stood and agreed that the said policy is received for inspec-
tion only, notwithstanding the acknowledgment of the receipt
of the premium contained in the policy; and it is expressly
agreed that the said policy is not in force, the first premium
thereon not having been paid.

"JOHN M. HARRINGTON.

"JAMES COTTER, Witness."

The execution of the receipt by insured is denied by plaintiff. Harrington died July 27, 1913.

The specifications of error raise the question as to whether or not the evidence is sufficient to justify the verdict against defendant, it being claimed that there is not any substantial evidence sustaining the contention that the inspection receipt was not signed by insured. If Harrington signed the receipt, the policy was not in force at the time of his death; but, if he did not sign the receipt, the policy was in force at that time.

The rule has been established by numerous cases that the [1] verdict of the jury will not be set aside on the ground of the insufficiency of the evidence if there is any substantial evidence to support it. The question is, then, whether or not there is any substantial evidence in this case supporting the contention of plaintiff that such receipt was not signed by insured.

It is undisputed that the policy was delivered in the presence [2] of plaintiff. She testified positively that insured did not sign the inspection receipt nor any other paper, and that there was no writing done by anyone at that time. She also testified that she was familiar with his handwriting, and that the signature to the receipt was not his signature. One Mrs. Gleason also testified that she had received a number of letters from him and had seen his writing many times, was familiar with his signature, and that in her opinion the signature to the receipt was not his signature. The opinion testimony of both plaintiff and Mrs. Gleason, neither of them qualifying as experts might be considered unsatisfactory in view of the positive evidence submitted by defendant tending to establish the genuineness of the signature; but when their opinions are supplemented with the positive statement of plaintiff that she was present at the time of the delivery of the policy, and that no paper of any kind was signed by the insured, there was substantial evidence upon which the jury could base its verdict. There were also a number of exhibits in the record showing admittedly genuine signatures of insured with which

comparisons could be made, and the jury had the privilege of considering them as bearing upon the weight to be given to the opinion evidence in the case. Under these circumstances we are of opinion that there was sufficient evidence to support the verdict. It also appears from the record that this verdict was rendered upon the third trial of the cause of action, in each of which a verdict was rendered in [3]  favor of plaintiff. This court will be more reluctant to set aside a verdict on the ground of the insufficiency of the evidence when a similar verdict in the same case has been rendered by different juries on previous trials. (4 Corpus Juris, 867; *Anderson* v. *Public Service Corp. of New Jersey,* 83 N. J. L. 19, 83 Atl. 769; *Hintz* v. *Michigan Cent. Ry.,* 140 Mich. 565, 104 N. W. 23; *Krouse* v. *Detroit United Ry. Co.,* 170 Mich. 438, 136 N. W. 434; *Quayle* v. *Ream,* 17 Idaho, 545, 106 Pac. 610; *Todd* v. *Demeree,* 15 Colo. 88, 24 Pac. 563; *Dickinson* v. *Erie Co.,* 85 N. J. L. 586, 90 Atl. 305; *Murray* v. *Putnam* (Tex. Civ. App.), 170 S. W. 806; *Carr* v. *American Locomotive Co.,* 31 R. I. 234, Ann. Cas. 1912B, 131, note 139, 77 Atl. 104.)

The judgment and order overruling motion for a new trial are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.