GREEN, Respondent, *v.* BOHM, Appellant.

(No. 4,981.)

(Submitted November 25, 1922. Decided December 18, 1922.)

[211 Pac. 320.]

*Personal Injuries—Automobiles—Highways—Rights and Duties of Pedestrians and Drivers—Contributory Negligence— Jury Question—Excessive Verdicts.*

Personal Injuries — Automobiles — Rights and Duties of Pedestrians and Drivers.

1. Pedestrians and automobilists have equal rights in the use of public highways, in the exercise of which rights the former must use ordinary care for their own safety, and the latter must drive their automobiles in a careful and prudent manner and at a rate of speed no greater than is reasonable and proper under conditions existing as to traffic, road conditions, *etc.*, so as not to endanger the life, limb, *etc.*, of others in the use of the highway.

Same—Evidence—Contributory Negligence—When Jury Question.

2. Where defendant drove his automobile at a dangerous rate of speed, turned suddenly toward plaintiff when only a short distance from her, and where the road in which plaintiff stood was quite wide and it was reasonable for her to assume that if she stood still the

---

1. Reciprocal duty of an operator of an automobile and a pedestrian to use care, see notes in 4 **Ann. Cas.** 400; 51 **L. R. A.** (n. s.) 990.

[65 Mont. 399.]

driver would deflect the car enough to avoid her, she was not contribu-torily negligent as a matter of law in standing still, and the question whether she was or was not properly submitted to the jury.

Same — Contributory Negligence — Conflicting Evidence — Finding of Jury Conclusive.

3. Where the jury in a personal injury action found upon conflicting evidence that plaintiff was not guilty of contributory negligence, which finding was approved by the trial court in denying defendant's motion for a new trial, the verdict must be deemed final on appeal.

Same—What not Excessive Verdict.

4. *Held,* that a verdict for $6,300 awarded to plaintiff, a woman forty-seven years of age, for permanent internal injuries consisting of a laceration of the diaphragm and displacement of the liver, and injury to the nervous system, was not excessive.

*Appeals from District Court, Powell County; Geo. B. Winston, Judge.*

ACTION by Olive A. Green against H. O. Bohm. From the judgment for plaintiff and an order denying his motion for a new trial, defendant appeals. Affirmed.

*Mr. Frank W. Mettler,* for Appellant, submitted a brief and argued the cause orally.

ₒ *Mr. H. H. Parsons,* for Respondent, submitted a brief.

HONORABLE JEREMIAH J. LYNCH, District Judge, sitting in place of MR. CHIEF JUSTICE CALLAWAY, dis-qualified, delivered the opinion of the court.

The plaintiff was injured by being struck by an automobile which it was charged the defendant negligently drove, and had judgment against him in the district court for the sum of $6,300. He has appealed from the judgment and an order denying his motion for a new trial.

The evidence shows that the parties were the only eye-wit-nesses of the accident. According to the testimony of the plaintiff, she came from Missoula to Warmsprings on Novem-ber 22, 1919, with a woman who had been ordered committed

4. Excessiveness of verdicts in actions for personal injuries other than death, see notes in 16 Ann. Cas. 8; Ann. Cas. 1913A, 1361; Ann. Cas. 1915D, 488; Ann. Cas. 1916C, 916; L. R. A. 1915F, 30.

to the State Insane Asylum, and at the time of the injury, about 1 o'clock in the afternoon, was on her way from the local hotel to the ladies' receiving hospital of the asylum, several hundred feet distant. She walked slowly in a westerly direction along the south edge of the road, which it seems was within the asylum grounds, and first saw the defendant when he was about two blocks away. He was then driving an automobile in the opposite direction at the rate of thirty-five or forty miles an hour. When the car was between fifty and 100 feet away he headed it directly toward her. She stopped, believing he had lost control of it, but thought, until it was too late to do anything, that he would regain control of it and turn out in time to avoid hitting her, as she judged the road was fifty feet wide. The car continued on its course unchecked, however, struck and grievously hurt her. She did not raise her hands before being hit, but put them out to save herself from harm, if possible. About six feet from where she stood was a high fence, and bordering the south side of the road, but a little below its surface, was a "swale," which was covered with snow and ice.

The defendant, testifying in his own behalf, told a somewhat different story. He said he was a carpenter foreman at the asylum, and on the day of the accident started in a Ford automobile from a building in course of construction and followed the road in a southeasterly direction. The road was rather crooked and he did not notice the plaintiff until he was about sixty or seventy feet from her. At the time he was not traveling faster than ten or twelve miles on hour. She was then standing five or six feet from the edge of the road, facing northwest, and as he came closer she waved her hand. He supposed she desired to cross the road, and immediately deflected his car toward the extreme right, with the intention of passing behind her. When the car was only a few feet away she took one or two steps back. Seeing that a collision was imminent he did everything possible to avert it, and

65 Mont.—26

when the car did actually strike the plaintiff its speed had been reduced to five or six miles an hour. Had she maintained her original position the car would have missed her. Beside the road, and about four feet lower than it, was a path which was much used by pedestrians. After the car stopped the plaintiff fell thereto. At the conclusion of defendant's examination a plat, drawn to scale and admitted to be correct was put in evidence. It showed the road at the scene of the accident to be twenty-six and one-half feet wide. We may add, at this point, that the complaint alleges and the answer in effect admits that on November 22, 1919, the road was a public highway.

Appellant concedes in his brief that the sole question involved in the case is the sufficiency of the evidence to sustain the verdict of the jury and the judgment of the court, and then argues that, while the evidence probably established a *prima facie* case of negligence against the defendant, it also showed that the plaintiff was herself guilty of contributory negligence in failing to step out of the way of the moving car, and hence the judgment cannot stand.

A pedestrian and an automobilist have equal rights in the [1] use of a public highway, and neither may with propriety infringe upon or disregard the rights of the other. It is the rule everywhere that the former must use ordinary care for his own safety, and in this state that the latter must drive his automobile "in a careful and prudent manner, and at a rate of speed no greater than is reasonable and proper under the conditions existing at the point of operation, taking into account amount and character of traffic, condition of brakes, weight of vehicle, grade and width of highway, condition of surface, and freedom of obstruction to view ahead, and so as not to unduly or unreasonably endanger the life, limb, property or other rights of any person entitled to the use of the * * * highway." (Sec. 7, Chap. 75, Laws 1917.) It is also the rule that if through the negligent conduct of the driver of a vehicle of any kind the pedestrian

[65 Mont. 399.]

suffer injury, but his own want of due care directly contributed thereto, he is not entitled to recover.

Was the plaintiff guilty of contributory negligence as a [2] matter of law? We think not. Viewing the evidence in the light most favorable to her, as we must, it would appear that the defendant was operating the car at a high and dangerous rate of speed, and when only a short distance away turned it directly toward her. She was at once confronted with a perilous situation, and had very little time to think or act with precision. The road being quite wide, it was not unreasonable for her to assume that if she stood still he would deflect the car enough to avoid her. Reasonable minds may justifiably differ as to whether or not she exercised proper care for her safety at the time. The learned trial court did right then in submitting the question of the defendant's negligence and the plaintiff's contributory negligence to the jury for their decision. (*Cunnien* v. *Superior Iron Works Co.,* 175 Wis. 172, 18 A. L. R. 667, 184 N. W. 767; *Bongner* v. *Zeigenhein,* 165 Mo. App. 328, 147 S. W. 182; *Smith* v. *Coon,* 89 Neb. 776, 132 N. W. 535; *Potter* v. *Back Country Transp. Co.,* 33 Cal. App. 24, 164 Pac. 342; *Blackwell* v. *Renwick,* 21 Cal. App. 131, 131 Pac. 94; *Stephenson* v. *Parton,* 89 Wash. 653, 155 Pac. 147; Huddy on Automobiles, secs. 476, 486; Berry on Automobiles, secs. 330, 346; Babbitt on Motor Vehicles, sec. 1304.) The jury having found [3] the issues in favor of the plaintiff and their finding having been approved by the court in denying defendant's motion for a new trial, it must be deemed final on appeal. (*Savage* v. *Boyce,* 53 Mont. 470, 164 Pac. 887; *Williams* v. *Thomas,* 58 Mont. 576, 194 Pac. 500.)

Counsel for appellant contended in his oral argument that [4] the damages awarded are excessive. We do not agree with him. Plaintiff was about forty-seven years old at the time of the accident and prior thereto had been strong and active and in good health. She received severe internal and external injuries, and her nerves have been shattered as a

consequence.   The internal injuries, consisting of a laceration
of the diaphragm and the displacement of the liver, are of a
permanent character.   Under the circumstances, we think the
jury acted with moderation and that the compensation given
is fair and reasonable.

The judgment and order are therefore affirmed.

*Affirmed.*

ASSOCIATE JUSTICES FARR and HOLLOWAY concur.

MR. JUSTICE GALEN, being disqualified, and MR. JUSTICE
COOPER, not having heard the argument, take no part in the
foregoing decision.

Rehearing denied January 29, 1923.