RUMSEY, APPELLANT, *v.* SPRATT, RESPONDENT.

(No. 6,082.)

(Submitted March 30, 1927. Decided April 19, 1927.)

[255 Pac. 5.]

*Personal Injuries—Automobile Accident—Conflicting Evidence —Appeal and Error—Presumption of Correctness of Verdict — Instructions — Law of Case — When Instructions not Against Law.*

Trial—Instructions Law of Case—When Instructions not Against Law.
   1.   Where under the instructions, which are the law of the case so far as the jury is concerned, it could properly have found a verdict for either party, the appellant's contention that the verdict is against the law has no merit.

Appeal and Error—Sufficiency of Evidence—Presumption in Favor of Decision of Jurors.
   2.   In determining whether the evidence is sufficient to sustain the verdict, the supreme court indulges the presumption in favor of the decision of the jurors, who saw and heard the witnesses testify and observed their demeanor, and that in favor of the action of the trial judge, who likewise saw, heard and observed the witnesses, in denying the motion for a new trial.

Personal Injuries—Conflict in Evidence—Verdict Controlling.
   3.   Where there is substantial conflict in the evidence on the issues presented in an action for personal injuries sustained in an automobile accident at a street intersection, the supreme court will not disturb the verdict or judgment based on it for alleged insufficiency of the evidence to sustain it.

---

   [1] Appeal and Error, 4 C. J., sec. 2836, p. 860, n. 11. Trial, 38 Cyc., p. 1595, n. 91, p. 1891, n. 65.
   [2] Appeal and Error, 4 C. J., sec. 2719, p. 773, n. 2; sec. 2733, p. 782, n. 45; sec. 2833, p. 849, n. 38.
   [3] Appeal and Error, 4 C. J., sec. 2362, p. 553, n. 35; sec. 2836, p. 858, n. 3.

   2. See 2 R. C. L. 195.
   3. See 2 R. C. L. 194.

Appeal from District Court, Lewis & Clark County; A. J. Horsky, Judge.

ACTION by Lottie M. Rumsey against Thomas H. Spratt. Judgment for defendant and plaintiff appeals. Affirmed.

Mr. H. G. McIntire, Mr. Lester H. Loble and Mr. Hugh R. Adair, for Appellant, submitted a brief; Mr. Adair argued the cause orally.

In this case there is no conflict in the evidence upon the material facts. There being no conflict, and there being no substantial evidence to sustain the verdict and judgment, the case presents a question of law. This can be determined on an appeal direct from the judgment. (Casey v. Northern Pac. Ry. Co., 60 Mont. 56, 198 Pac. 141; First State Bank v. Larsen, 65 Mont. 404, 211 Pac. 214; Merhar v. Powers, 73 Mont. 451, 236 Pac. 1076; Ball v. Gussenhoven, 29 Mont. 321, 74 Pac. 871.)

One of the acts of negligence alleged in the complaint is the failure of the defendant to give warning of his approach. No evidence was offered by the defendant relative to this act of negligence. Hence, plaintiff's testimony stands undisputed that the defendant failed to sound a horn or other warning signal of any sort or character. In Rodan v. St. Louis Transit Co., 207 Mo. 392, 105 S. W. 1061, it is said: "One is not absolutely bound by the testimony of a witness called by him, but is bound when the testimony of such witness is the only evidence adduced concerning the matter in question." In Berry on Automobile, fourth edition, page 305, it is said: "The speed shall be limited, warnings of approach given, and skill and care in its management so exercised as to anticipate such collisions as the nature of the machine and the locality might suggest as liable to occur in the absence of such precautions." (See, also, Rev. Codes 1921, sec. 1753, subd. 2; Gross v. Burnside, 186 Cal. 467, 199 Pac. 780; Huddy on Automobiles, 5th ed., p. 554; Olsen v. Standard Oil Co., 188 Cal. 20, 204 Pac. 393;

*Ward* v. *Cathey* (Tex. Civ. App.), 210 S. W. 289, 291; *Johnson* v. *Johnson*, 137 Minn. 198, 163 S. W. 160; *Weidner* v. *Otter*, 171 Ky. 167, 188 S. W. 335.)

The acts of negligence set forth in the complaint are acts which are forbidden by either ordinance or statute. In this state, the violation of a statute or of an ordinance constitutes negligence *per se*. (*Melville* v. *Butte-Balaklava Copper Co.*, 47 Mont. 1, 130 Pac. 441; *Neary* v. *Northern Pac. Ry. Co.*, 41 Mont. 480, 110 Pac. 226; *Puckett* v. *Sherman & Reed*, 62 Mont. 395, 205 Pac. 250.) This being the case, and the fact that the defendant's own testimony shows that he violated and disobeyed the traffic ordinances and statutes, made it not only unnecessary, but improper, to submit that question to the jury. (*Ball Ranch Co.* v. *Hendrickson*, 50 Mont. 220, 146 Pac. 278.)

The verdict is contrary to the evidence. A mere scintilla of evidence will not sustain a verdict. There must be substantial evidence to sustain a verdict, and if the record does not show such substantial evidence, it is the duty of the court to set the verdict and judgment aside. (*Ball* v. *Gussenhoven*, 29 Mont. 321, 74 Pac. 871; *First State Bank* v. *Larson*, 65 Mont. 404, 211 Pac. 214; *Casey* v. *Northern Pac. Ry. Co.*, 60 Mont. 56, 198 Pac. 141; *Merhar* v. *Powers*, 73 Mont. 451, 236 Pac. 1076; *McIntyre* v. *Northern Pac. Ry. Co.*, 56 Mont. 43, 180 Pac. 971; *Tuttle* v. *Pacific Mutual Life Ins. Co.*, 58 Mont. 121, 140, 16 A. L. R. 601, 190 Pac. 993; *Woolf* v. *Washington Ry. & Nav. Co.*, 37 Wash. 491, 79 Pac. 997.)

*Messrs. Stewart & Brown*, for Respondent, submitted a brief; *Mr. John G. Brown* argued the cause orally.

MR. JUSTICE MYERS delivered the opinion of the court.

This is a personal injury action, occasioned by a pedestrian being struck by an automobile. Plaintiff alleges she was walking across a street, in the city of Helena, upon a street crossing, at a street intersection, in the night-time, and that

defendant, operating an automobile, turned, without warning, into the street she was crossing and that, through his negligence, his automobile struck her and knocked her down and dragged her fifteen or twenty feet, seriously injuring her to her damage. She alleges that defendant was negligent in that he was driving his automobile at an excessive and dangerous rate of speed; in that he was on the left-hand side of the street he entered and which she was crossing; in giving no warning of his approach; in not having his automobile under control at a street crossing; in striking and dragging her.

Defendant's answer admits plaintiff was crossing the street at night and that defendant turned his machine into that street and that the machine struck her; denies she was crossing at the street crossing; denies she was dragged; denies negligence on his part; denies injury or damage to her. The answer then pleads contributory negligence in a number of specified respects. A reply denies the allegations of contributory negligence and other allegations of affirmative defense.

The case was tried with a jury and resulted in a verdict for defendant and judgment accordingly. Plaintiff moved for a new trial. It was denied. Plaintiff appealed from the judgment.

Counsel for plaintiff assign six specifications of error. One is that the verdict is against the law. The other five may be combined in one contention, i. e., that the evidence is not sufficient to sustain the verdict.

As to the specification that the verdict is against the law, [1] the law of the case, so far as the jury was concerned, was that set forth in the instructions given. (*Bush* v. *Baker,* 51 Mont. 326, 152 Pac. 750.) An examination of the instructions given discloses that, in accordance therewith, a verdict for either party was permissible and could have been returned appropriately. Therefore, there is no ground to hold the verdict against the law.

**79 Mont.—11**

The other specifications, all relating to alleged insufficiency [2] of the evidence, require giving to the record of the entire evidence careful and painstaking reading. It has been given; and more than once to much of the record. In considering the evidence, we do so, of course, subject to two well-known presumptions: that in favor of the decision of the jurors, triers of fact, who saw and heard the witnesses testify and observed their demeanor (*Trogdon* v. *Hanson Sheep Co.,* 49 Mont. 1, 139 Pac. 792); and that in favor of the action of the trial judge, who likewise saw and heard the witnesses testify and observed their demeanor, in denying the motion for a new trial. (*Consolidated Gold & Sapphire Min. Co.* v. *Struthers,* 41 Mont. 551, 111 Pac. 150.)

Counsel in the case are far apart. Counsel for plaintiff [3] earnestly contend there is no conflict in the evidence, upon any material matter; that there is no substantial evidence to support the verdict; that it is all in favor of plaintiff and, as a matter of law, she should have a verdict for some amount. Counsel for defendant, apparently with equal earnestness, contend there is no credible evidence for plaintiff and that the jury could consistently do naught other than as it did. We cannot agree with either. A perusal of the record discloses a sharp conflict in the evidence, in a number of material particulars.

Plaintiff's testimony was that she was crossing at a street crossing; defendant's testimony, that she was out in the street and eighteen feet from the crossing when she was struck. Plaintiff testified she was on the south side (in the south half) of the street when struck. Defendant testified she was on the north side (in the north half) of the street when she was struck; that his left wheels were about on the middle of the street and she was struck by the right front end of the car and to his right, which would put her a car-width in the north half of the street. Plaintiff testified she was more than halfway across the street when struck; defendant testified, less than halfway. Plaintiff testified she was not far

from the south curbstone of the street, when struck; defendant, that she was far from it. It may be a close question in which half of the street she was, when struck, but it is a disputed question, nevertheless.

Plaintiff testified defendant was driving on the south (left-hand) side of the street. Defendant testified he was driving on the north (right-hand) side; true, he said only by a car-width but, nevertheless, on that side. True, too, defendant testified plaintiff was standing or sitting a little to the left of the center, when he went back to assist plaintiff, but that was after she was struck. He admitted his car was about in or a little to the left of the center of the street when he stopped but he said when he heard a voice and saw raised a hand (plaintiff's) he swerved to the left. It may be a close question on which side of the street defendant was driving but it is a disputed question, nevertheless.

Plaintiff testified she saw the machine when it was 100 or 130 feet from her. Her witness, Carmichael, measured the distance, as indicated to him, and declared it to be 130 feet. She said, after seeing the machine, until struck, she took two or three steps. According to testimony in her behalf, it must be inferred that defendant was traveling at the rate of about forty-five miles an hour; defendant said not over ten. Testimony for plaintiff tended to show the machine was not under control; defendant's testimony tended to show it was. Plaintiff testified that, after being struck, she was dragged fifteen or twenty feet; defendant said, not dragged at all. Plaintiff said she was knocked unconscious; defendant said not. Plaintiff's testimony indicated defendant did not slacken his speed at the crossing; he said he did. There are other vital points, as to which different inferences might be drawn from the evidence; such as whether or not defendant was keeping a lookout for danger and the like.

Plainly, there is some conflict of evidence on each of plaintiff's allegations of negligence. On her allegations of excessive rate of speed, driving on wrong side of street and auto-

mobile not under control, there is positive contradiction as to each. The allegation that defendant was negligent in striking her is a generalization, not a specification. As to the allegation of lack of warning of his approach and as to what happened when defendant turned into the street plaintiff was crossing, true, he does not claim he sounded his horn and we are not saying it was necessary that he do so; but he testified he was watching for pedestrians and that he observed the crossing, as he turned, and no one was on it; neither did he see anybody, in the street, beyond the crossing. Plaintiff testified that, at that time, she was on the crossing. It was wholly for the jury to determine whom to believe and to decide if defendant, at that juncture, was guilty of any negligence.

The jurors were the arbiters of fact. It was not only their privilege but their duty to consider and weigh all testimony on disputed points and, doubtless, they did so. Doubtless, they considered, too, such testimony as was not disputed, as was their duty. They considered, doubtless, that, the same night, after plaintiff was knocked down and, as she testified, dragged, she went to a party, without changing or rearranging her apparel, and played cards and danced, without attracting any particular attention to the condition of her clothing or person; as well as all testimony concerning her alleged injuries. We assume they considered all factors—those favorable to plaintiff and those favorable to defendant—and there were some of each.

In our opinion, there is substantial evidence on each side of the case; evidence for and against plaintiff's cause of action; evidence for and against contributory negligence on her part. In our view, the verdict of the jury might consistently have been for either party. As we view it, we are disposed to say were the verdict either way there would not be justifiable ground for disturbing it.

Counsel for defendant insist much transpired at the trial which cannot be portrayed in the cold printed page. They

attempt to get some of it before us, some things not in the record, but we have not given to such any consideration. We judge the case solely on the cold recital of the record.

Counsel for plaintiff cite numerous cases, some of which apparently tend to uphold their contention. We have examined all of those cited. Counsel for defendant cite a number of cases, some of which tend to uphold their contention. In the main, all cited by either side depend very much upon the facts in each particular case. The case at bar depends upon the facts involved in it. There was sufficient conflict about them to go to the jury.

Counsel for plaintiff and counsel for defendant, each, argue very earnestly and persuasively and, we doubt not, sincerely upon the evidence in the case; and that is all there is to this appeal—the evidence. We are impressed, however, that their arguments on the evidence are peculiarly adapted to be addressed to a jury. Doubtless, the evidence was argued, by counsel for each party, just as earnestly, persuasively, sincerely, to the jury as here and the jury decided. We hold there is substantial conflict of evidence, on the issues of the case, and, that being the case, we may not disturb the verdict or the judgment based on it. (*Savage* v. *Boyce,* 53 Mont. 470, 164 Pac. 887; *Bank of Commerce* v. *United States Fidelity & Guaranty Co.,* 58 Mont. 236, 194 Pac. 158; *Williams* v. *Thomas,* 58 Mont. 576, 194 Pac. 500; *Harrington* v. *Mutual Life Ins. Co.,* 59 Mont. 261, 195 Pac. 1107; *Green* v. *Bohm,* 65 Mont. 399; 211 Pac. 320.)

For the reasons herein given, the judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES STARK, MATTHEWS and GALEN concur.