# STRAUB v. CITY OF ST. LOUIS, Appellant.

### Division Two, June 9, 1903.

1. **Appellate Jurisdiction:** POLITICAL SUBDIVISIONS. The city of St. Louis is a political subdivision of the State, and an appeal in a suit against it is to the Supreme Court.

2. **Sidewalks:** DISPLAY OF GOODS, ETC.: NOTICE. A sidewalk is a highway and is not designed or intended for the display of merchandise, and the owner thereof has no right to obstruct it therewith, and the city in permitting it to remain there for several days is presumed to have notice of its being there.

3. ————: ————: PLAY. A shoemaker placed an old counter, on which there were the words "for sale," on the brick sidewalk in front of his premises, at first placing it along the side of his house inside the sidewalk, and two days later on the outside near the curb, with the front or solid part facing the sidewalk and the open part towards the street, and a six or seven-year-old boy, eight days later, climbed on one edge from the outer or street side, and it fell on him and broke his leg. *Held*, that the counter was unlawfully there, and such an obstruction as the city was bound to see was likely to cause injury to thoughtless or inexperienced children, for which negligence the city is not to be excused by the fact that the boy was playing on the sidewalk and not traveling.

4. ————: ————: CHILDREN AT PLAY. The city is liable in damages for the injury to a child, lawfully in the street and at play, alone or with companions, if injured by an unlawful obstruction of the sidewalk by a private citizen, of which the city is presumed to have notice.

Appeal from St. Louis City Circuit Court.—*Hon. D. D. Fisher*, Judge.

AFFIRMED.

*B. Schnurmacher* and *Alex. Nicholson* for appellant.

(1) A municipal corporation is only "bound to keep the streets and highways in a proper state of repair, free from obstructions, so that they will be reasonably safe for travelers." Smith v. St. Joseph,

45 Mo. 449. (2) Those not using the streets for purposes of travel can not complain of their condition. The liability of the corporation extends only to travelers injured thereon. Kiley v. Kansas City, 87 Mo. 103; Russell v. Columbia, 74 Mo. 480; Bassett v. St. Joseph, 53 Mo. 290; Smith v. St. Joseph, 45 Mo. 449; Brennan v. St. Louis, 92 Mo. 482. (3) A city is not bound to guard its streets or bridges so as to prevent children from playing on the same and exposing themselves to danger, and is not liable for injuries received while they may be thus engaged. Arnold v. St. Louis, 152 Mo. 173; Schauf's Admr. v. City of Paducah (Ky.), 50 S. W. 42; 6 Am. Negl. Rep. 73; Dehanitz v. St. Paul, 73 Minn. 385; Gavin v. Chicago, 97 Ill. 66.

*Klene & Welsh* for respondent.

(1) It was a negligent act to place the old counter upon the curbstone of the sidewalk, and to allow it to remain there for ten days. Both the counter and its location brought it within the rule creating a liability, where injury results from leaving dangerous obstructions unguarded. Koons v. Railroad, 65 Mo. 597; Nagel v. Railroad, 75 Mo. 661; Schmidt v. Distilling Co., 90 Mo. 284. (2) This rule must apply with greater force where, as here, the dangerous thing is placed upon the public highway. Two wrongs are thus committed: (a) Allowing the dangerous thing or obstruction to be placed and remain on the street. (b) Failing to keep the highway unobstructed. (3) It is lawful for children to play upon the public highway, and such persons injured while so engaged, when caused by the negligence of others, may recover. Donoho v. Vulcan Iron Works, 75 Mo. 401; Donoho v. Vulcan Iron Works, 7 Mo. App. 447.

GANTT, P. J.—This court has jurisdiction of this appeal solely because the city of St. Louis, the defendant, is one of the political subdivisions of the State.

The plaintiff, the mother of Edwin Straub, a minor not seven years old, brought her action against one Middleton and the city jointly for damages resulting to her as the mother, by the loss of the services of the child and for the value of his nursing and expenses of medical treatment, from the negligence of the said Middleton placing an old counter on the edge of the sidewalk on St. Louis avenue, and against the city for permitting it to remain there for a period of ten days, in a dangerous position and likely to injure children traveling or playing on the street.

Plaintiff recovered judgment for $400, and the city appeals.

The facts of the case are practically undisputed.

On or about the 20th of June, 1898, one Middleton, who was a shoemaker on St. Louis avenue in St. Louis, put an old counter out on the sidewalk in front of his premises. At first he placed it along the side of the house on the inside of the sidewalk, leaning it against the house. About two days later he placed it on the outside of the sidewalk near the curb, with the front part of the counter facing the sidewalk and the open part toward the street. The pavement was brick. There were no supports to the counter save that one end of it was closed and the front was solid; while the other end and the back were open.

Edwin Straub, the son of plaintiff, was between six and seven years old. The counter remained on the sidewalk in the position noted for about ten days. It had the words "for sale" written in chalk on it. On June 30th, Edwin was playing on the sidewalk with another boy and jumped or climbed on one edge of the counter from the outer or street side and it fell on him and broke his leg. The little boy's mother lived on the same avenue and nearly opposite Middleton's shop.

That the counter was unlawfully on the sidewalk in the circumstances detailed, there can be no sort of

doubt. The sidewalks are highways and are not designed nor intended for the display of merchandise. Middleton had no right to obstruct the sidewalk with the old counter, and when the city officials permitted it to remain there ten days, it must be presumed they had notice of its being there. Having no support on one whole side and one end, it needed very little to upset it.

Such an obstruction on a public sidewalk, where old and young alike are free to travel, is one which the city was bound to see was likely to cause injury to some pedestrian, especially thoughtless and inexperienced children.

The main contention of the city for reversing the judgment of the circuit court is, that the little son of plaintiff when he was injured by the falling of the old counter on him was not travelling but *playing* on the sidewalk and we are cited to numerous cases limiting the liability of municipal corporations for accidents occurring on their streets to those who were using them for purposes of travel. But those cases do not reach the point now under consideration. Thus, in Bassett v. St. Joseph, 53 Mo. 290, it was held that ''it is well settled in this State, that it is incumbent on a city having full control of streets therein, and the improvement thereof, to keep them in a reasonably safe and good traveling condition.'' In that case the city left or permitted an excavation on the border of one of its streets to remain unguarded, and a lady passing along the sidewalk by said excavation was near to a mule standing by said excavation and was kicked at by the mule, and in her effort to escape from the mule fell into the excavation. There the city contended that the excavation would not have caused the injury but for the action of the mule, and here that the counter would not have injured the boy if he had not jumped on it or touched it, but the court said it is true if it had not been for the kicking of the mule the injury might not

have happened, but it is equally true that if there had been no excavation the kicking of the mule would have been harmless, necessarily each contributed to the injury, and the city was held liable. In Brennan v. St. Louis, 92 Mo. 482, this court approved the Bassett case and reasserted the doctrine that if the city's neglect combines with some other accidental cause it is liable.

In Kiley v. City of Kansas, 87 Mo. 103, the child was killed by the falling of a wall upon a house standing near the unguarded wall. The child was in the house when she was killed and not on the street, and the insistence was that the negligence of the city in not abating the nuisance of the old wall which stood on private property near the street entitled plaintiff to recover, but the court ruled that the child was not using the street for any purpose and there could be no duty owing to her because of the defendant's duty in respect to its streets. Clearly that case is not in point. Neither is Arnold v. St. Louis, 152 Mo. 173, where the children were skating on a private lot with a pond on it.

The case of Donoho v. The Vulcan Iron Works, 75 Mo. 401, does involve the question before us. In that case the circuit court gave the following instruction: "If the jury believe from the evidence that plaintiff, Donoho, at the time he received the injuries complained of, was in company with other boys using Clay street for the purpose of playing or amusing themselves thereon, and not for the purpose of passing or traveling on said street, then, notwithstanding he was injured, he can not recover against the city of St. Louis." The Court of Appeals reversed the judgment for the giving of this instruction and this court approved its judgment. The opinion of the Court of Appeals is found in 7 Mo. App. 447.

In that case, a boy eleven years of age was injured by the falling of a bank of earth upon him. The

Vol 175 mo—27

iron works company and the city were jointly sued for undermining and leaving the bank without proper safeguards, and the plaintiff's evidence tended to prove that on Sunday next after the Saturday on which the Vulcan company's employees had been excavating, the plaintiff being on an errand for his mother stopped to watch some boys who were playing at the foot of the bank when the bank fell and killed one boy and injured plaintiff. The defendant's contention was that the other boys were digging in the bank and plaintiff joined them; that he was not using the street for travel, but only as playground and for his own amusement. Hence, it prayed the instruction above recited. The Court of Appeals discussed the cases of Stinson v. Gardiner, 42 Me. 248, and Blodgett v. Boston, 8 Allen 237, in which it was ruled that if children use a highway for their sports, the city is not responsible for their injuries though they result from defects in the highway. In the latter case a boy eleven years old was playing "old man on the castle" on a plank sidewalk in Boston, and when another boy came to catch him, he, in starting, put his foot between the planks, where it got caught, and in trying to extricate it, twisted it, and it resulted in serious injury. While holding he could not recover, C. J. Bigelow, said: "We by no means intend to say that a child who receives an injury caused by a defect or want of repair in a road or street, while passing over or through it, would be barred of all remedy against a town merely because, at the time of the occurrence of the accident, he was also engaged in some childish sport or amusement."

Judge Lewis in the Donoho case calls especial attention to the fact that those New England cases rested on *statutory provisions,* whereas in Missouri the liability rests upon general principles applicable to the municipal dereliction of a legal duty.

The view that adults and children alike can use our highways and streets solely for traveling, has not

been generally accepted with us. Men, women and children may walk or drive on our thoroughfares for pleasure or innocent amusement and it would be a harsh rule to hold that the rich man driving over the streets for pleasure alone, if injured by a defect or obstruction in the street, may recover, and that the boy or child who, in our large cities particularly, has no other place to indulge his natural proclivities for play, and while indulging in innocent amusement is crippled by a defective sidewalk or obstruction, is not allowed a like recovery. In City of Chicago v. Michael Keefe, Admr., 114 Ill. 222, a child ten and a half years old was injured while rolling a hoop along a sidewalk in consequence of its unsafe condition, and it was held to be a question of fact whether he was guilty of negligence or not, and the law neither inferred negligence nor its absence merely from the fact of the child's rolling the hoop. Mr. Justice SCHOLFIELD said: "Appellant asked the court to instruct the jury as follows:

" 'The jury are instructed that the sidewalks of the city are not made for the purpose of a playground for children, nor as a mere place for the recreation of children, and that the condition of the sidewalk is only to be considered with reference to its use for the ordinary travel along the same,' and 'that if you believe, from the evidence, that he would not have fallen or have been injured if he had gone along the sidewalk in the ordinary mode, then you must find for the city, as the sidewalks are not made for the purpose of a playground for children.' "

That able and learned justice then discusses the same New England cases referred to by Judge LEWIS in the Donoho case, and points out that they rest entirely upon statutory liability in those States, and says, "On the contrary, we hold, on principles of common law, that an action for damages resulting from negligence will lie against a municipal corporation if the duty to make repairs is fully declared, and adequate

means are not put within the power of the corporation to perform the duty. . . . We assume as self-evident that, with us, streets are open to the use of the entire public, as highways, without regard to what may be the lawful motives and objects of those traversing them—that those using them for a recreation, for pleasure, or through mere curiosity, so they do not impinge upon the rights of others to use them, are equally within the protection of the law while using them, and, hence, equally entitled to have them in a reasonably safe condition with those who are passing along them as travelers or in the pursuit of their daily avocations. In crowded cities, their use for pleasure, and sometimes even for the promotion of health, may be regarded as a public necessity. On like principle, why may they not be used by children in play and amusement, so long as the rights of others being on or passing along the street shall not be prejudiced thereby? We can perceive no reason.''

The instruction was held erroneous. In equally strong and no uncertain language the Court of Appeals of New York in McGuire v. Spence, 91 N. Y. 303, said: ''In this State we have held that the duty exists not merely as to travelers, but as to all persons lawfully in the streets, and have imposed upon a city a liability for negligence where the person injured was in no sense a traveler, but engaged in excavating the street under lawful permission, but for the benefit of a private corporation. [Rehberg v. The Mayor, 91 N. Y. 137.] This plaintiff was lawfully in the street. She had a right to be there, and while there, not to be exposed to the possible dangers of an uncovered opening in the sidewalk. *Nor does it matter that she was at play with other children.* In McGarry v. Loomis (63 N. Y. 108, 20 Am. Rep. 510), we stated it as a proposition too plain for comment 'that it is not unlawful, wrong or negligent for children on the sidewalk to play.' '' In that case the girl was fourteen years old and was en-

gaged in jumping the rope, and while so engaged fell into an open area.

In District of Columbia v. Boswell, 6 Appeal Cases (D. C.) 420, the court said: "To say that children may not engage in innocent play upon the sidewalks adjacent to their homes, save at their own risk under all circumstances, would be to enforce a cruel and unreasonable rule against the many children in every large city who have no other place to seek fresh air and recreation in each other's company. Plaintiff had a perfect right to play on the sidewalk with her little companion, and there could be no negligence in so doing; and this was one of the uses of the sidewalk which defendant is bound to have anticipated." [Kunz v. City of Troy, 104 N. Y. 344; Gibson v. City of Huntington, 38 W. Va. 177.]

These cases in our opinion announce the correct rule. The plaintiff's child was lawfully in the street. He had a right to be there and play with his companion. The city had negligently permitted a dangerous obstruction to remain on its sidewalk for ten days. The question of contributory negligence was fairly and properly submitted to the jury and there is nothing unreasonable in the verdict. The judgment is affirmed.

All concur.