SAVAGE, RESPONDENT, *v.* BOYCE, APPELLANT.

(No. 3,753.)

(Submitted April 18, 1917. Decided April 28, 1917.)

[164 Pac. 887.]

*Personal Injuries—Highways—Law of the Road—Automobile Accident—Negligence—Appeal and Error—Conflict in Evidence—Conclusiveness of Verdict.*

Highways—Law of the Road—Automobile Accident—Negligence.
1. Evidence *held* sufficient to show that defendant, in an action to recover for personal injuries suffered by plaintiffs in colliding with the former's automobile, was at fault in failing to turn to the right of the center of the highway in time, and in omitting to exercise precaution to avoid frightening the animal plaintiff was driving, as provided by sections 1 and 3 of Chapter 72, Laws of 1913, pages 158, 159.

[As to law of the road as to automobile and street-car traveling in same direction, see note in Ann. Cas. 1913E, 1121.]

Same—Appeal and Error—When Verdict Conclusive.
2. The evidence being in conflict as to whether plaintiff was asleep when the collision occurred, it was a question for the jury's determination; the conclusion thus reached, and approved by the trial court when it refused to grant a new trial, is conclusive on appeal.

*Appeal from District Court, Teton County; J. B. Leslie, Judge.*

ACTION by E. R. Savage against B. F. Boyce. Defendant appeals from a judgment for plaintiff, and from an order denying his motion for new trial. Affirmed.

*Mr. David J. Ryan,* for Appellant, submitted a brief and argued the cause orally.

Without evidence to show that a reasonable person would have anticipated that a collision was imminent—particularly where a mule driven by plaintiff was gentle, tractable and accustomed to automobiles—it cannot be said that anything that defendant did, or failed to do, or caused to be done, was the proximate cause of any injuries to this plaintiff. (1 Thompson on Negligence, secs. 28, 50; *Rysdorp* v. *George Pankratz Lumber Co.,* 95 Wis. 622, 70 N. W. 677; *Morey* v. *Lake Superior Terminal & Transfer Co.,* 125 Wis. 148, 12 L. R. A. (n. s.) 221, 103 N. W. 271; *Day* v. *Kelly,* 50 Mont. 306, 308, 146 Pac. 930.) The evidence discloses that the defendant used the highest degree of care attainable to prevent any injury, inconvenience or annoyance to plaintiff. (*Fletcher* v. *Dixon,* 107 Md. 420, 68 Atl. 875; *Macomber* v. *Nichols,* 34 Mich. 212, 22 Am. Rep. 522; *Sapp* v. *Hunter,* 134 Mo. App. 685, 115 S. W. 463; *Day* v. *Kelly,* 50 Mont. 306, 308, 146 Pac. 930.) In order for the plaintiff to recover for personal injuries suffered by reason of a breach of duty owed to him by the defendant, it is indispensably necessary that he allege the circumstances disclosing such breach of duty and establish by his evidence that it was the proximate cause of the injury. (*Monson* v. *La France Copper Co.,* 39 Mont. 50, 133 Am. St. Rep. 549, 101 Pac. 243; *Day* v. *Kelly,* 50 Mont. 306, 308, 146 Pac. 930.) An inference of negligence may not be drawn from the bare occurrence of an injury in any case. (*Lyon* v. *Chicago etc. Ry. Co.,* 50 Mont. 532, 148 Pac. 386.)

*Mr. D. W. Doyle,* for Respondent, submitted a brief and argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought to recover damages for personal injuries suffered by the plaintiff through the negligence of the defendant. The plaintiff resides south of the village of Conrad,

in Teton county. On November 28, 1913, he was returning from Conrad to his home, driving a mule harnessed to a light vehicle. As he proceeded, he observed the defendant, in company with others, about a quarter of a mile away coming from the opposite direction in an automobile. The automobile was owned by defendant and was driven by him. As the two vehicles were about to pass, the automobile came into collision with plaintiff's mule and vehicle, with the result that plaintiff was thrown to the ground and suffered concussion of the brain and contusions about other parts of his body. It is alleged that defendant caused the collision by his negligence in failing to turn the automobile far enough to his right to permit it to pass plaintiff's mule and vehicle in safety. In his answer defendant denied negligence on his part, and, by way of counterclaim, demanded judgment against plaintiff for damage done to his automobile. The jury resolved the issues in favor of the plaintiff and awarded him a verdict. Defendant has appealed from the judgment and an order denying his motion for a new trial.

The only contention made on behalf of defendant is that the [1] evidence was insufficient to justify the verdict. The testimony of the plaintiff showed that the accident occurred under these circumstances: The highway was in a lane sixty feet in width from fence to fence. It was graded up to a crown in the center, the drainage gutter on either side being three or four feet from the fence, and about fourteen inches lower than the crown. The graded portion was about fifty feet in width. The line of principal travel, along which plaintiff was driving, was on the west side, to his right, and as near the fence as one could drive without encountering the bank of the gutter on that side. The part of the way to the east was not so much used, and therefore not so smooth, but was in good condition for travel. The defendant approached plaintiff along the line of principal travel on the west side until he was within twenty or twenty-five feet. He then turned his automobile to the right, but not beyond the center of the way, apparently intending to pass plaintiff without turning out further than was absolutely necessary to enable

him to do so. As he was about to pass, plaintiff's mule became frightened. It first stopped, and then, in an effort to get away, turned to plaintiff's left. As this occurred, defendant's automobile collided with it and also plaintiff's vehicle, throwing plaintiff to the ground and injuring him as alleged. The automobile was turned upside down and came to rest in the middle of the way. Plaintiff had observed the approach of the automobile from the time it was a quarter of a mile away, but did not pay special attention to it, because his mule was accustomed to this kind of vehicle, and he assumed the defendant would take the other side of the way and thus accomplish the passage without trouble. The mule could not turn to the right because of the proximity of the fence on that side. It is apparent from this evidence that the defendant was at fault in failing to turn reasonably to the right of the center of the highway, as is required by the statute. (Laws 1913, Chap. 72, p. 158, sec. 1.) He was on the wrong side of the way. Inasmuch as the collision occurred as it did on plaintiff's side of the way, defendant was also *prima facie* at fault in failing to exercise the precaution necessary to avoid frightening plaintiff's mule, and thus to insure plaintiff's safety. (*Id.,* Chap. 72, p. 159, sec. 3.)

Defendant endeavored to show that plaintiff was at fault in [2] that he was asleep, and, being startled by the approach of defendant and the stopping of his mule, unconsciously guided the mule to his left, and thus caused it to come in collision with the automobile. The evidence on this point was in conflict, and whether the plaintiff was at fault, and thus brought the catastrophe upon himself, presented a question which it was the exclusive province of the jury to determine. The jury having resolved the issues in favor of the plaintiff, and their conclusion having been approved by the court in denying the motion for a new trial, it must be accepted by this court as final.

The judgment and order are therefore affirmed.

*Affirmed.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.