# LUKE CARR, Appellant, v. ST. LOUIS AUTO SUPPLY COMPANY.

### Division One, April 8, 1922.

1. **CONCURRENT NEGLIGENCE: Each Wrongdoer Liable.** Concurrent negligence, as distinguished from joint negligence, arises where the injury is proximately caused by the concurrent wrongful acts or omissions of two or more persons acting independently, and all such persons are ordinarily liable therefor. And unless the damage caused by each is clearly separable, permitting the distinct assignment of responsibility to each, each is liable for the entire damage.

2. ———; **Conflicting Instructions.** Where the instruction to the jury, given by the trial court for the plaintiff, correctly embodied the law of concurrent negligence as applied to the evidence in the case, it was reversible error for the court to give for defendant an instruction to the effect that notwithstanding they found defendant negligent as charged, still, if the immediate cause of the injury

was the negligence of a third person, plaintiff could not recover, such instruction being not only erroneous in itself, but also in direct conflict with the instruction given for plaintiff.

Appeal from St. Louis City Circuit Court.—*Hon. Karl Kimmel*, Judge.

REVERSED AND REMANDED.

*Albert E. Hausman* for appellant.

(1) If the concurrent or successive negligence of two persons, combined together, result in an injury to a third person, he may recover damages of either or both, and neither can interpose the defense that the prior or concurrent negligence of the other contributed to the injury. Newcomb v. Railroad, 169 Mo. 409; Bassett v. St. Joseph, 53 Mo. 290; Brennan v. St. Louis, 92 Mo. 482; Vogelsang v. St. Louis, 139 Mo. 131. (2) A defendant may be liable even if the injury was not caused by his sole negligence. He is liable if his negligence concurred with that of another, or with an act of God or with an inanimate cause, and became a part of the direct and proximate cause, though not the sole cause. Harrison v. Elec. Co., 195 Mo. 606; Hunt v. St. Louis, 278 Mo. 226; Vessels v. Light & Power Co., 219 S. W. 87; Willi v. United Rys.; 224 S. W. 88. (3) Plaintiff was a passenger in the "Blasitz" car, and no plea of contributory negligence was urged against him. Sluder v. Transit Co., 189 Mo. 107.

*Case & Miller* for respondent.

(1) The rule permitting recovery against a defendant charged with joint or concurrent negligence with another defendant, without requiring plaintiff to show that the negligence of either defendant was the sole cause of the injury complained of, does not extend so far as to permit recovery by the plaintiff where the negligence charged is not shown to have been the direct and proximate cause of the injury. Hence, said rule does not

operate in a case wherein only one of the tortfeasors is a party to relieve plaintiff from showing that the negligence of defendant was, as a matter of fact, a direct and efficient cause, in connection with the negligence of another, for the casualty. (2) Under the evidence introduced by the defendant, the alleged act of the defendant's chauffeur as to the manner in which he started to make said turn, did not in any respect cause the accident; the evidence of defendant was to the effect that the automobile in which the plaintiff was riding traveled past the automobile operated by respondent at the speed of twenty to thirty-five miles per hour, and that one of its wheels went into a rut or depression on the eastern-most rail of the north-bound car track on Grand avenue, after the respondent's automobile, facing east, was standing still. (3) Where an instruction is defective in that it omits to require certain findings essential to recovery, and such omissions are fully supplied by other instructions, the error is cured. Stack v. Baking Co., 223 S. W. 98; Meily v. Railroad, 215 Mo. 587; Lange v. Railroad, 208 Mo. 477; Hughes v. Railroad, 127 Mo. 452; Meadows v. Life Ins. Co., 129 Mo. 97; Owens v. Railroad, 95 Mo. 181; Bliesner v. Distilling Co., 174 Mo. App. 150; Prendergrass v. Railroad, 179 Mo. App. 535; Crader v. Railroad, 181 Mo. App. 542; Stoltze v. United Rys., 183 Mo. App. 311.

BROWN, C.—This is a suit for personal injury alleged to have been suffered by plaintiff by the act of defendant in so wrongfully and negligently manipulating a motor truck of defendant, being controlled, managed and driven by its servant or agent on Grand Avenue, in the city of St. Louis, as to cause an automobile, in which the plaintiff was riding as a gratuitous passenger or guest, to be turned aside and overturned, thereby causing plaintiff to be thrown out of said vehicle and seriously injured, to his damage in the sum of $10,000.

The petition alleged that the defective condition of the street at the time contributed to the accident; that it was the primary duty of the city of St. Louis to keep it repaired, and that that duty had been assumed by the

United Railways Company under a contract by which it had been imposed as a condition of the permission granted said company to occupy said street for the purpose of constructing and operating its double-track electrict street railway thereon, and both the city and the railway company were originally made parties defendant. No question is suggested as to the sufficiency of the petition to present the points made upon this appeal.

The evidence of the plaintiff tended to prove that on December 4, 1918, about one o'clock p. m., he was riding as a gratuitous passenger in an automobile owned by one John Blasitz, and driven by one Welch, who was Blasitz's chauffeur. That while the car in which the plaintiff was being driven southwardly on Grand Avenue, an open public street in the city of St. Louis, between Humphrey Street and Wyoming Street, a motor truck owned and operated by the St. Louis Auto Supply Company was also being driven southwardly on the same street; that the motor truck was to the right or west of the automobile, and that when the automobile was a few feet north of the motor truck the latter was suddenly turned to the left or east immediately in front of the automobile in which plaintiff was riding. That thereupon the driver of the automobile, in order to avoid a collision, turned his automobile to the left, and thereupon it struck a depression or rut in the street and immediately turned over, injuring the plaintiff.

Plaintiff further introduced evidence tending to prove that there was in force in the city of St. Louis on the date of his injury, an ordinance known as Revised Ordinance No. 3013, approved April 12, 1918, and that Section 1270 of said Ordinance 3013 provides that "a vehicle in turning to the left into another street shall pass to the right of and beyond the center of the intersection of the streets before turning;" and that Section 1274 of said ordinance provides that a signal shall be given in advance by the driver of the vehicle to be turned to the right or left, by putting the hand with the arm extended straight to the right or left, indicating plainly to pedestrians, officers and drivers of vehicles the exact

direction in which the turn is to be made. Also that said provisions were, by ordinance, made applicable to turnings into alleys.

Plaintiff further introduced evidence tending to show that the driver of the motor truck of the St. Louis Auto Supply Company did not hold out his left arm and hand in accordance with Section 1274 of said ordinance immediately before he turned said vehicle to the left, and that at the time of turning said vehicle to the left he had not passed to the right and beyond the center of the intersection of the streets before turning.

Plaintiff further introduced evidence tending to show that because the driver of the motor truck did not hold out his hand and arm to the left before so turning, the driver of the automobile in which plaintiff was riding was unaware of his intention to turn, and was forced to turn the automobile into that part of the street where the rut above mentioned was, to avoid a collision with the motor truck; that the car thereupon turned over at once and the plaintiff was injured.

Defendant St. Louis Auto Supply Company then introduced evidence tending to prove that immediately prior to the overturning of the automobile in which plaintiff was riding, said defendant's motor truck was being driven southwardly on the west side of Grand Avenue at a speed of eight or nine miles per hour; that when the chauffeur in charge of said truck came opposite an alley which intersected Grand Avenue from the east, he held out his left arm with the hand extended, that being the usual and proper signal to warn others driving southwardly on Grand Avenue, that he was about to turn to the left into the said alley; that the automobile in which plaintiff was riding was being driven southwardly on Grand Avenue to the north of or behind said defendant's automobile; that when said defendant's chauffeur held out his left arm and hand, the other automobile was coming southwardly at a very rapid rate, and the chauffeur thereof drove his car into a small break in the pavement of Grand Avenue in an effort to cut in front of defendant's motor truck, and that the car in which plaintiff was

riding then immediately turned over; that the truck of the defendant was turned towards the southeast, and had stopped, when the car in which plaintiff was riding shot past it, to the east of it, and struck the hole or break in the street, and immediately turned over to the left. That all this took place at 12:30 or 12:45 p. m., and that it was daylight.

Further reference will be made to the testimony if necessary.

At the close of the evidence the court gave for plaintiff the following instruction:

"2.   The court instructs the jury that if you find and believe from the evidence that plaintiff on December 4, 1918, was a passenger in an automobile being driven southwardly on the west side of Grand Avenue in the city of St. Louis and between Wyoming and Humphrey streets;

"And if you find that at the same time and place an automobile driven by the agent and servant of St. Louis Auto Supply Company was also being driven southwardly on said west side of Grand Avenue;

"And if you find that as said two automobiles were so proceeding southwardly on Grand Avenue the said automobile of St. Louis Auto Supply Company was a few feet to the right or west of and a short distance in front of or to the south of the automobile plaintiff was in;

"And if you find from the evidence that the chauffeur in charge of the automobile of St. Louis Auto Supply Company suddenly and without any signal by putting out his hand or arm in the direction he intended to go, turned his automobile sharply to the left, and that thereupon the driver of the automobile plaintiff was in turned his automobile to the left to avoid colliding with automobile of St. Louis Auto Supply Company;

"And if you find and believe from the evidence that the act of the chauffeur in charge of the automobile of St. Louis Auto Supply Company, in so turning his car to the left without any signal given by extending his arm or hand in that direction (if you find he did so turn his car without said signal), solely or in conjunction with the

condition of said Grand Avenue at such point, and the act of the chauffeur in charge of the automobile in which plaintiff was riding in turning said automobile to the left, caused the automobile in which plaintiff was riding to be overturned and plaintiff to be injured, then your verdict will be for plaintiff and against St. Louis Auto Supply Company.''

The court thereupon at the request of defendant and over the objection of plaintiff gave the following instruction:

''6. The court instructs the jury that, even though you find and believe from the evidence that St. Louis Auto Supply Company's driver was negligent for any reason as charged in plaintiff's petition in making the turn to go into the alley, still, if you find and believe from the evidence that while the Blasitz's automobile was attempting to pass the St. Louis Auto Supply Company's truck to the left, it tipped over because it struck a depression in the street, or because it was being driven too fast for the safety of its occupants under the circumstances, and you find the accident would not have occurred but for one or the other of these causes, or both, then the plaintiff cannot recover against the defendant, St. Louis Auto Supply Company, and your verdict must be in favor of this defendant.''

To the giving of this instruction the plaintiff has duly saved his exception.

Although other instructions were given for defendant and of the court's own motion, they were formal in their nature and have no connection with the point raised upon his appeal.

The jury returned a verdict for the defendant, upon which judgment was entered, and from which this appeal is taken.

The only error assigned by appellant is the giving of defendant's instruction number six quoted above.

I. Instruction number two given by the court at the request of the plaintiff, clearly and distinctly told the jury that if the defendant's chauffeur failed to give the

statutory signal of his intention to turn across the street to the left in front of the automobile in which plaintiff was riding, and that such failure, either solely or in conjunction with the condition of the street

**Concurrent Negligence.** at such point, and the act of the chauffeur in charge of the automobile in which plaintiff was riding, in turning said automobile to the left, caused the automobile in which plaintiff was riding to be overturned and plaintiff to be injured, then their verdict should be for plaintiff. This distinctly embodied the doctrine of concurring negligence which is recognized in this State, as well as in nearly every other jurisdiction in which the doctrine of the English common law with reference to liability for negligence prevails. It is stated in Shearman and Redfield on Negligence (6 Ed.) sec. 122, as follows:

"Concurrent, as distinguished from joint negligence, arises where the injury is proximately caused by the concurrent wrongful acts or omissions of two or more persons acting independently. That the negligence of another person than the defendant contributes, concurs or co-operates to produce the injury is of no consequence. Both are ordinarily liable. And unless the damage caused by each is clearly separable, permitting the distinct assignment of responsibility to each, each is liable for the entire damage. The degree of culpability is immaterial."

It has been approved and enforced in this State in many cases among which are the following: Hickman v. Union Electric Light & Power Co., 226 S. W. 571; Vessels v. K. C. Light & Power Co., 219 S. W. 80; Campbell v. United Railways, 243 Mo. 141; Krehmeyer v. Transit Co., 220 Mo. l. c. 655; Straub v. St. Louis, 175 Mo. 413; Brennan v. St. Louis, 92 Mo. 482; Donoho v. Vulcan Iron Works, 75 Mo. 401; Newcomb v. N. Y. C. Railroad Co., 169 Mo. 409; Bassett v. St. Joseph, 53 Mo. 290; Vogelsang v. St. Louis, 139 Mo. 131; Harrison v. K. C. Electric Co., 195 Mo. 606.

These citations might be indefinitely extended, in illustration of the principle that one who carelessly knocks his neighbor down cannot avoid making good, by way of

damages, the injury received in the fall, by showing that but for the act of another he would have had a soft place to alight and would therefore have received no injury. The wrongdoer must, in such a case, take, in that respect, the chances which he has forced upon his victim. We do not understand this very reasonable and firmly established rule to be questioned by the defendant, but that it merely insists that in this case there was no such error in this instruction number six as was liable to mislead the jury.

II. It is true that while plaintiff's instruction number two had stated the proper rule in words chosen by himself, and which, had the matter been left in that condition, would not have been liable to mislead them, defendant's instruction number six told the jury that even had the defendant's chauffeur been negligent in making the turn to go into the alley, still, if they found that while the automobile in which plaintiff was riding was attempting to pass it to the left, it tipped over because it struck a depression in the street, and that the accident would not have occurred but for this secondary cause, then the plaintiff could not recover. This language is irreconcilable with the instruction given for the plaintiff, which, as we have seen, stated the firmly established rule in this State. We can find nothing in the nature of either to indicate to the jury the preference of the court as to which rule should be followed by them, unless it lies in the fact that the erroneous direction represented the last thought of the court upon the subject, and was prohibitory in its form. That the application of each may be understood in the light of the actual facts we will state specifically the circumstances in evidence to which they were intended to and did necessarily apply.

Grand Avenue extended north and south. The middle of the street was occupied by the double tracks of an electric street railway, leaving a driveway on each side of its tracks, the driveway on the west side being wide enough for vehicles to pass. The street was intersected

by Humphrey and Wyoming streets crossing it at right angles, and midway between these two streets an alley enters it from the east side.

At the time of the accident the defendant's motor truck was being driven south along the west or right-hand driveway of Grand Avenue close to the curb on the north side of the block between Humphrey and Wyoming streets at a speed of from eight to nine miles per hour. The passenger automobile in which plaintiff was riding was closely following it on the east side of the same driveway, being next to the west rail of the street railway, at a speed variously estimated at twenty to thirty-five miles per hour, which may be roughly estimated at from thirty to forty-five feet per second. Before it overtook and passed the defendant's truck the latter swung to the left without the warning required by ordinances to be given to following vehicles, by extending the hand, and took a position diagonally across the path by which the passenger car evidently and necessarily intended to pass it. This created what was, of course, a very dangerous situation, which was properly met by the rapidly moving car by swinging to the left across the street-car tracks, thus giving the driver of the truck an opportunity to stop or slacken its speed, and the passenger car an opportunity to pass in front of it. In executing this movement the car dropped into a rut or depression alongside the west rail of the east railway track, and being unable to rise out of it turned completely over, causing the alleged injury to plaintiff. Applying the language of defendant's instruction to this situation we find that it was not only erroneous in telling the jury, in substance, that although the car in which plaintiff was riding was caused to run out upon the space occupied by the railway tracks by the negligence of defendant, the plaintiff could not recover if the immediate cause of the accident was the rut or depression into which it ran, but was also in direct conflict with the instruction number two given for plaintiff.

Under these circumstances and in view of the rule relating to concurrent negligence which we have already considered in the first paragraph of this opinion, we must

and do reverse the judgment of the Circuit Court for the City of St. Louis, and remand the cause to said court for trial in accordance with the principles herein stated. *Small* and *Ragland, CC.*, concur.

PER CURIAM:—The foregoing opinion by BROWN, C., is adopted as the opinion of the court. All of the judges concur.