MARINKOVICH, ADMX., RESPONDENT, *v.* TIERNEY ET AL., APPELLANTS.

(No. 6,953.)

(Submitted November 15, 1932. Decided December 17, 1932.)

[17 Pac. (2d) 93.]

74

*Messrs. Kremer, Sanders & Kremer,* for Defendant Jack Weiss, and *Mr. John K. Claxton,* for Defendant Tierney Brothers, submitted a brief; *Mr. J. Bruce Kremer* and *Mr. Claxton* argued the cause orally.

78

*Mr. T. J. Collins* and *Mr. S. P. Wilson,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Pera Marinkovich, as administratrix of the estate of Emil M. Marinkovich, her deceased minor son, brought action against Frances Tierney, Walter Tierney, and Ella Tierney, copartners doing business as "Tierney Brothers," and Jack Weiss, for damages sustained by the estate by reason of the injuries suffered by the young man when a Ford coupe, owned and driven by Weiss and in which Emil M. Marinkovich was riding as an invited guest, collided with a stalled truck belonging to Tierney Brothers.

The accident occurred within the city limits of Anaconda, at about 3:30 A. M. on the 9th of November, 1930, when Weiss, Marinkovich and another young man were returning from a dance at Race Track. The Tierney truck, employed in conveying morning papers from Butte to Anaconda for distribution, stalled on the street at the point of the accident, and the

driver, being unable to move it, left to secure help; before he returned Weiss drove his car into the rear of the truck.

The alleged negligence of Tierney Brothers is in leaving the truck "parked" on the street without lights, in violation of the city ordinance, which is set out in and made a part of the complaint; that of Weiss, in driving at an excessive and reckless rate of speed, and in excess of twenty-five miles per hour, in violation of the city ordinance, and in failing to keep a proper lookout ahead.

The defendants, by separate answers, denied the allegations of negligence and alleged contributory negligence, in that the deceased had full knowledge of the manner in which Weiss was driving and failed to take exception thereto, or warn or admonish Weiss to cease to drive at the alleged excessive rate of speed, or to take any steps to contribute to or preserve his safety.

Issue was joined by replies to the answers; a jury trial was had. At the close of plaintiff's case each defendant moved for judgment of nonsuit, which motions were denied; whereupon each defendant introduced evidence and, all parties having rested, each defendant asked for an instructed verdict against the plaintiff; this also was denied. The trial resulted in a verdict for the plaintiff for the full amount claimed by the complaint, as it was submitted to the jury, to wit, the sum of $12,500. Each defendant moved for a new trial, which motions were denied, and judgment followed. Defendants have appealed from the judgment. They make forty-eight assignments of error; those relied upon are grouped, in argument, in such manner as to present only the questions hereinafter discussed.

1. The complaint alleges that "each and all of the negligent acts * * * of * * * Tierney Brothers and * * * of Weiss and each and all of the violations of duty of each * * * were concurrent acts of negligence and * * * all contributed to and proximately caused the injuries," etc.

Early in the trial defendants objected to certain testimony, which was confined strictly to the case against Weiss, with the assurance that it was not to be considered in any manner as

affecting the case against Tierney Brothers. The ground of objection was that, as the case was based upon "concurrent negligence," the testimony must be such as was admissible against both defendants, or it was inadmissible for any purpose. These objections were overruled.

Thereafter the cause was tried on the theory of separable responsibility and the defendants became antagonists, each attempting to show the liability of the other; counsel for one interposing objections to questions asked witnesses for the other and cross-examining such witnesses.

Defendants relied upon the ruling in *Forsell* v. *Pittsburgh & Montana C. Co.,* 38 Mont. 403, 100 Pac. 218, which is distinguishable from this case in that the concurrent negligence alleged was that of the defendant company and its vice-principal, the operator of a defective hoist. In the *Forsell Case,* the "concurrent negligence" alleged consisted of acts or omissions on the part of both defendants, acting in conjunction, and, under the allegations of the complaint, the injury could not have been inflicted unless both defendants had been negligent in the manner charged; failure of proof as to the negligence of one, therefore, amounted to a total failure of proof, though the negligence of the other was established.

In the case at bar the defendants were strangers to each other and there was no connection between the two charged acts of negligence; while they jointly operated to cause the accident and injury, they were not "concurrent" in the sense the term is used in the *Forsell Case,* but were "concurrent" in the sense that the term is used in the case of *Carr* v. *St. Louis Auto Supply Co.,* 293 Mo. 562, 239 S. W. 827, 829, wherein it is declared: "Concurrent, as distinguished from joint, negligence arises where the injury is proximately caused by the concurrent wrongful acts or omissions of two or more persons acting independently. * * * Unless the damage caused by each is clearly separable, permitting the distinct assignment of responsibility to each, each is liable for the entire damage." This decision is in accord with the rule that "if the concurrent negligence of two or more persons combined together results

in an injury to a third person, they are jointly and severally liable and the injured person may recover from either or all.'' (45 C. J. 895, and cases cited; *Black* v. *Martin*, 88 Mont. 256, 292 Pac. 577.)

The case was tried upon the correct theory of joint and several liability, and the complaint but charges that the negligence of the several defendants operated concurrently to cause the injury.

However, over the objections of each of the defendants, who had theretofore acquiesced in the theory upon which the case was tried, the court instructed the jury to the effect that the plaintiff could only recover by proof of the negligence charged against each of the defendants and that this negligence ''cooperated concurrently or in successive order and proximately caused'' the injuries to the deceased—clearly referring to the rule in the *Forsell Case.* This instruction is manifestly erroneous, but counsel for the plaintiff assert that it was favorable to the defendants in that it placed a greater burden upon the plaintiff than the law imposed.

We do not so view the matter. The jurors learned from the evidence that, on a straight, clear pavement, in the quiet of night with little traffic in sight, a collision occurred by reason of which a young man lost his life; they were required to answer categorically as to whether or not each of the defendants was guilty of the acts or omissions charged; and that, on their answers to these questions, and all of them, in the affirmative, depended the plaintiff's right to recover. On the evidence adduced the jurors may have been reasonably certain that the driver of the truck did, as he stated, leave his lights, front and rear, burning, and, as an extra precaution, did hang a lighted red lantern on the rear of the truck. They may have further believed that Jack Weiss drove his car in a reckless manner and at a high rate of speed into the lighted truck by reason of failure to keep a proper lookout ahead. Conversely, the jurors may have been convinced that the truck was not lighted and that, although he proceeded at the legal rate of speed and kept a proper lookout, Weiss was unable to dis-

cover the truck in time to avoid a collision. In either situation, though deceased lost his life through culpable negligence of one or the other of the defendants, the jury could not, under the above instruction, have found for the plaintiff. Therefore, knowing that they were required to follow the instructions given, the jurors may have been overpersuaded to find against both defendants, in order to render a verdict in favor of plaintiff. The giving of the instruction constituted reversible error.

2. Over the strenuous objection of each of the defendants, the plaintiff was permitted to testify to the facts establishing the allegation of the complaint that "the said Pera M. Marinkovich is a widow of the age of forty-six years, having five minor children other than the said Emil M. Marinkovich, the oldest of whom is of the age of sixteen years and all of whom are entirely dependent upon plaintiff for their support; that plaintiff * * * prior to the death of Emil * * * was dependent upon him and upon his earnings for the maintenance and support of herself and family." She further testified that Emil had worked for five years, being all the time since the death of his father, and that he had always given her his wages with the exception of perhaps $5 per month, which he retained for his personal expenses.

In objecting to the questions asked for the purpose of bringing out this testimony, counsel for each defendant urged that such information given the jury would be highly prejudicial, and, if admitted, the harm done could not be overcome by withdrawing the testimony from the consideration of the jury.

Counsel for plaintiff frankly admitted that the evidence was adduced for the purpose of showing the damages of Mrs. Marinkovich personally, as well as that suffered by the estate, on the theory that, on the authority of *Burns* v. *Eminger*, 84 Mont. 397, 276 Pac. 437, the entire damages caused by the injury to her son could be recovered in such an action.

At the close of plaintiff's case the court ruled that damages suffered in plaintiff's personal capacity were not recoverable in this action, and thereupon the plaintiff, over the objection of defendants, struck from the complaint the above-quoted

allegation. The court stated that: "If I thought it [the testimony] would prejudice the jury in any way I would be very glad, and am still glad, to instruct them in any way counsel may request." Counsel for defendants offered no instruction on the subject.

The court's ruling, as to damages recoverable, was correct; while the decision in *Burns* v. *Eminger*, above, recognizes the existence of two causes of action arising by reason of such negligent injury to a minor resulting in death, and suggests that it has been held that the two may be united, even if we held that such union was permissible in this jurisdiction, it was not done in the case at bar.

The damages recoverable in this action can be but such a sum as would compensate the deceased for the pain and suffering of mind and body (if any) between the time of injury and death, and, if death was not instantaneous, compensation for the impairment of his capacity to earn money in the future. (*Beeler* v. *Butte & London Copper Dev. Co.*, 41 Mont. 465, 110 Pac. 528.) In other words, the administrator, in the survival action, is entitled to recover only that which the deceased could have recovered had he lived to bring the action and prosecute it to conclusion; in such an action damages for causing the death of the deceased are not recoverable and the fact that the deceased left a family (or dependents) is immaterial. (4 Sutherland on Damages, 3d ed., 3696; *Goodsell* v. *Hartford etc. Ry. Co.*, 33 Conn. 51; *Olivier* v. *Houghton County St. Ry. Co.*, 138 Mich. 242, 101 N. W. 530, 531.) In the *Olivier Case*, apparently, it was shown only that the deceased left a family. The court held the admission of the testimony error, but further held that, as the plaintiff disclaimed damages based on the testimony, and in view of "the very careful charge of the circuit judge," the judgment should not be reversed because of the error committed.

Here the evidence went much further; clearly it would have .a strong impression upon the minds of the jurors and strongly tend to increase the amount of the verdict rendered; we doubt that any instruction given would have removed the prejudice

produced by thus awakening the sympathy of the jurors. The verdict was for the full amount demanded in the complaint as submitted to the jury. As error is not predicated upon alleged excessiveness of the verdict, this error, standing alone, might not warrant a reversal of the judgment, but, as the cause must go back for a new trial, it is called to the attention of the court and counsel.

3. That portion of the traffic ordinance of the city of Anaconda limiting the speed of vehicles declares that "it shall be prima facie unlawful for any person to exceed any of the foregoing speed limitations." (Sec. 37, Ordinances.) Counsel for defendants assert that, as it attempted to declare a "rule of evidence" not binding upon the district court, the ordinance was not admissible in evidence.

The city was authorized to regulate speed and traffic on the streets within its corporate limits. (Section 1742 and subdivision 10 of section 5039, Revised Codes 1921.) An ordinance enacted pursuant to law has the force and effect of a statute. (*Carey* v. *Guest*, 78 Mont. 415, 258 Pac. 236.) The ordinance declares that twenty-five miles per hour is the maximum speed at which a vehicle may be driven on any street within the city limits. Driving at a speed prohibited by ordinance is unlawful. Here the city council, evidently attempted to follow the rule, laid down by this court, that a failure to obey the mandate of a statute (or ordinance) is prima facie evidence of *negligence* (*Savage* v. *Boyce*, 53 Mont. 470, 164 Pac. 887), "negligence *per se*" or "legal negligence." (*Childers* v. *Deschamps*, 87 Mont. 505, 290 Pac. 261; *Marsh* v. *Ayers*, 80 Mont. 401, 260 Pac. 702; *Knott* v. *Pepper*, 74 Mont. 236, 239 Pac. 1037.)

The "rule of evidence" declared could only affect a prosecution, in the police court, for the violation of the ordinance, and could not affect the rule as to negligence or the validity of the ordinance. The admission of the ordinance in evidence was proper. (*Carey* v. *Guest*, above.)

4. It is next asserted that the evidence is insufficient to show a violation of the ordinance by Tierney Brothers. The

applicable portion of the ordinance here declares: "It shall be unlawful for the operator of any vehicle to park said vehicle on any street * * * between the hours of 9 P. M. and 4 A. M., except where lights are displayed both front and rear."

On a conflict of evidence the jury found that the truck was "negligently" left standing on the street "without being lighted front and rear"; but it is undisputed that it was not voluntarily "parked." On the contrary, the truck stalled and could not be moved. On this evidence it is asserted that no violation of the ordinance was shown, and in support of this position counsel for Tierney Brothers rely upon three Oregon cases (*Townsend* v. *Jaloff*, 124 Or. 644, 264 Pac. 349, 350; *Dare* v. *Boss*, 111 Or. 190, 224 Pac. 646; *Martin* v. *Oregon Stages*, 129 Or. 435, 277 Pac. 291), construing an Oregon statute prohibiting the parking of cars on the main traveled portion of the highway, but making an exception in favor of those "so disabled as to prohibit the moving of the same." Under this statute it is properly held that, in view of the exception, the parking of a vehicle contemplates a voluntary act.

Washington has a like statute, and thereunder it is held that, if a car is stalled on the highway, a reasonable attempt to remove it relieves the operator of liability. (*Colvin* v. *Auto Interurban Co.*, 132 Wash. 591, 232 Pac. 365.)

Here, however, the purpose of the ordinance is not to prevent the parking of cars on the streets, but to require that parked cars be lighted, front and rear, for the protection of the traveling public. Under such an ordinance the term "park" should not be given a technical meaning, if it has such a meaning, to defeat the very purpose of the enactment; it is immaterial whether the truck stopped because of the voluntary act of the operator, or by reason of circumstances over which he had no control. The negligence, if any, consisted in failure to obey the mandate of the ordinance to light his truck front and rear.

5. As a part of her case in chief, the plaintiff called the stenographer who took the testimony at the coroner's in-

quest, to procure the statement of Jack Weiss, made at that hearing, that he was "driving along" at "thirty-miles—thirty-five," as showing a violation of the ordinance. This evidence was admitted as against Weiss only, and the jury was admonished that it was not to be considered as affecting Tierney Brothers. As we have held that plaintiff need not rely upon concurrent negligence only, but may recover as against one or the other defendants, the admonition was proper.

However, counsel contend that the evidence was inadmissible for any purpose, citing 13 C. J. 257, where it is said: "Depositions of witnesses before a coroner are not competent to be received in evidence, even prima facie, in litigation subsequently arising touching the subject matter of the coroner's inquiry, unless expressly authorized by statute." But one citation is given in support of this text (*Queatham* v. *Modern Woodmen*, 148 Mo. App. 33, 127 S. W. 651). The rule laid down there is that statements made by witnesses other than parties to the subsequent litigation are hearsay and not admissible, which explains that which is otherwise obscure in the text.

Here the statement admitted was made by a party to this action and was admissible as an admission against interest (sec. 10531, subd. 2, Rev. Codes 1921), as a part of plaintiff's case in chief. (*Howe* v. *Messimer*, 84 Mont. 304, 275 Pac. 281; *Sylvain* v. *Page*, 84 Mont. 424, 63 A. L. R. 528, 276 Pac. 16.)

The question eliciting the answer, "Thirty miles—thirty-five," would seem to have been directed to the time of the collision; it was subject to explanation by Weiss, and it was for the jury to determine whether or not it established the charge of negligence made. (*Carey* v. *Guest*, above.)

6. From what has heretofore been said it is apparent that the court did not err in denying defendants' motions for judgment of nonsuit and for a directed verdict as to either defendant; the evidence is sufficient to warrant submission to the jury.

7. The defendants contend that this action is grounded on the alleged violation of the city ordinance, and, therefore, the court erred in instructing the jury on the mandate contained in section 1742, Revised Codes 1921. If the defendants are

correct in their premise, their contention is sound, for, on a permissible subject, the ordinance controls over the statute and the statute should not be given as an instruction. (*Carey* v. *Guest,* above.)

While the allegations of the complaint are broad enough to cover a violation of section 1742, above, it will be noted that subdivision "a" of section 37 of ordinance 413 is practically identical with the mandate of section 1742, while subdivision "b" thereof declares the maximum rate of speed at which vehicles may be driven on the city streets under the conditions set forth. It would seem, therefore, that the action is grounded on the ordinance alone.

Passing the complaint, we find that, with reference to the charge of reckless driving, the only proof adduced was the admission of Weiss, at the coroner's inquest, that he was driving along at "thirty miles—thirty-five." This rate of speed would not necessarily constitute reckless driving either under the proscription of section 1742 or under subdivision "a" of section 37 of the ordinance, but would constitute a violation of the prohibition contained in subdivision "b" of the ordinance, if Weiss was driving at that rate of speed at any point within the corporate limits, and, if he was driving at that rate of speed at the time of the collision, the violation of the ordinance would constitute negligence *per se.*

Under the condition of the record, the court was not justified in instructing the jury that "the Statute Laws of the State of Montana provide as follows:" (Giving the provisions of section 1742).

8. Finally, error is predicated on the court's instruction to ▆▆▆▆▆ the effect that the burden of proving alleged contributory negligence of the deceased rests upon the defendants.

This is the general rule, subject to the exception that "whenever the plaintiff's own case presents evidence which, if unexplained, would make out prima facie contributory negligence on his part, there must be further evidence exculpating him, or he cannot recover." (*Armstrong* v. *Billings,* 86 Mont. 228, 283 Pac. 226, 229.)

Conceding, for the purpose of determining the application of the rule, that plaintiff's case showed that, with Marinkovich as a passenger, Weiss was exceeding the limitation of speed allowed by the ordinance, it does not follow that Marinkovich was guilty of contributory negligence.

Driving at "thirty miles—thirty-five" on a straightaway smooth pavement on which there is little or no traffic and no showing of cross-streets contains no intimation of danger to the occupants of the car so driven. If Weiss was violating the ordinance, he was guilty of negligence *per se;* if he was not keeping a proper lookout ahead, he was negligent; but the negligence of the driver of an automobile is not generally imputed to the passenger, although this does not absolve the passenger from taking such precautions for his own safety as are, under the particular circumstances, reasonable. That the passenger is not looking ahead does not necessarily show him guilty of contributory negligence. (*Black* v. *Martin,* above.)

The primary duty of caring for the safety of the vehicle and those riding in it rests upon the driver; a mere *gratuitous* passenger should not be held guilty of contributory negligence, as a matter of law, until he in some way actively participates in the negligence of the driver, or is aware of the incompetence or carelessness of the driver, or, knowing that the driver is not taking proper precautions while approaching a place of danger, fails to warn or admonish the driver. (*Black* v. *Martin,* above; *Laird* v. *Berthelote,* 63 Mont. 122, 206 Pac. 445.) The question as to whether or not the deceased was guilty of contributory negligence was, under the facts presented, for the jury's determination, under the rule stated that the burden of proof rested upon the defendants.

The court did not err in giving the challenged instruction or in refusing to instruct on the subject of the exception to the general rule. (*Daniels* v. *Granite Bi-Metallic Co.,* 56 Mont. 284, 184 Pac. 836.)

The judgment is reversed and the cause remanded to the district court of Deer Lodge county, with direction to grant the defendants a new trial.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, FORD and ANGSTMAN concur.