DELORES STURN RICHESON, Plaintiff and Appellant,
v. RONALD TONEY, Defendant and Respondent.
No. 9903.
Submitted November 5, 1959. Decided January 28, 1960.
348 Pac. (2d) 803.

444

See **C. J. S.** Motor Vehicles, § 543.

Ralph J. Anderson, Stanley Sorenson, Paul W. Smith, J. Miller Smith, Chadwick H. Smith, Helena, Ralph J. Anderson argued orally, for appellant.

Floyd O. Small, Helena, for respondent. Floyd O. Small argued orally.

MR. JUSTICE ANGSTMAN delivered the Opinion of the Court.

This action is one to recover damages for personal injuries sustained by plaintiff while riding as a guest in an automobile driven by the defendant with the permission of the owner, Floyd Hoffman. The complaint sets forth in some detail where and how the accident happened. In general it occurred on what is known as the Helena-York road at or near the point where it intersects a road known as the East Helena-Lake road, alleged to be about five miles north of East Helena. It is alleged that the Helena-York road west of the intersection was paved, whereas that portion east of the intersection is gravel surfaced; that as the oil ends and the gravel begins the road makes a slight turn to the north which the evidence shows was about a twenty degree angle; that the accident happened on July 9, 1955, at about 10:30 p. m. as the automobile driven by defendant was going from Helena in an easterly direction and in which plaintiff was a guest; that at the point where the oil ends and the gravel surface begins defendant drove the car in a negligent manner and at a rate of speed in excess

of 60 miles per hour; that defendant negligently failed to heed admonitions of the occupants of the car and of the plaintiff two times to slow down and reduce his speed; that he failed to keep a look-out or to heed a warning sign near the intersection reading "Pavement Ends"; that he failed to keep the car under control; and so negligently drove and operated the car as to allow it to leave the highway, overturn and roll over several times causing the injuries to plaintiff which are set out in detail. The extent of the injuries alleged need not be set out here other than to say they were of a substantial nature necessitating hospital confinement for 59 days.

The answer denies each and every allegation of the complaint.

The cause was tried to the court sitting with a jury. The jury returned a verdict on June 19, 1957, in favor of defendant. Plaintiff moved for a new trial. The court ruled on the motion as follows:

"The motion of the plaintiff for a new trial in the above-mentioned cause, having been argued before the court and authorities submitted, and the matter having been duly considered, the court feels that without benefit of a transcript of the evidence for purposes of examination, the motion should be, and is, hereby denied.

"However, the court is of the opinion that proof based upon physical facts indicated a possible preponderance in favor of the plaintiff."

We shall not review the evidence in detail.

It is sufficient to say that plaintiff introduced evidence in support of the material allegations of her complaint and particularly of the excessive speed driven by defendant and of the remonstrances made by her and her companion Julie Proul who was also a guest in the car.

They both testified that they looked at the speedometer and defendant was going at the rate of 80 miles per hour when they protested and when the accident occurred. Defendant, as a witness, did not dispute the main facts as one would have

expected from the denials contained in the answer. As a witness he admitted that he was the driver of the car; that plaintiff and her friend Julie Proul were guests in the car; that it ran off the road as alleged and turned over at least three times and that plaintiff was severely injured. He testified that he was traveling only 50 or 55 miles per hour and not 80 miles per hour.

There was a conflict in the evidence on collateral matters such as who proposed making the trip in question; whether they had first gone to Toston as plaintiff testified or only to Townsend as defendant testified and as to whether Julie took beer in the car and as to whether plaintiff and Julie drank beer during the evening.

The first contention made by plaintiff is that the court erred in giving to the jury instruction No. 19, reading:

"You are instructed that every person is bound to an absolute duty to exercise his intelligence to discover and avoid dangers that may threaten him. When, therefore, a plaintiff asserts the right of recovery on the ground of culpable negligence of the defendant, he is bound to show that he exercised his intelligence to discover and avoid the danger, which he alleges was brought about by the negligence of the defendant."

This is a statement of law made in the case of Sherris v. Northern Pac. Ry., 55 Mont. 189, 175 Pac. 269. It was reiterated in George v. Northern Pac. Ry., 59 Mont. 162, 196 Pac. 869; Incret v. Chicago, M., St. P. & P. R., 107 Mont. 394, 86 Pac. (2d) 12, followed in Sullivan v. Northern Pac. Ry. Co., 109 Mont. 93, 94 Pac. (2d) 651, and referred to in Reynolds v. Trbovich, Inc., 123 Mont. 224, 210 Pac. (2d) 634.

As an abstract statement of law, it is perhaps correct when applied to railroad crossing cases, because a railroad crossing is known to be a place of danger. Here, the place where the accident occurred was on a country road. There was no railroad crossing involved. True there was a crossing of another coun-

try road but it was not the crossing that produced the danger involved here. There was in this case no negligence of a third party. The only danger that threatened plaintiff here, and which according to the instruction she had an absolute duty to exercise her intelligence to discover and avoid, was the negligence and carelessness of the driver. Plaintiff could not be expected to anticipate negligence on the part of the driver. McCulloch v. Horton, 102 Mont. 135, 56 Pac. (2d) 1344, and authorities therein cited. According to her testimony and that of Julie Proul, the driver was cautioned twice that he was traveling too fast.

The duty resting upon plaintiff was no greater than that stated in Marinkovich v. Tierney, 93 Mont. 72, 91, 17 Pac. (2d) 93, 98, wherein this court said:

"The primary duty of caring for the safety of the vehicle and those riding in it rests upon the driver; a mere gratuitous passenger should not be held guilty of contributory negligence, as a matter of law, until he in some way actively participates in the negligence of the driver, or is aware of the incompetence or carelessness of the driver, or, knowing that the driver is not taking proper precautions while approaching a place of danger, fails to warn or admonish the driver."

The instruction has no place in a case such as this and is bound to have mislead the jury.

We questioned such an instruction in a case wherein there was no known danger in the case of Reynolds v. Trbovich, Inc., supra, but ruled that it was harmless in view of other instructions given. In that case, defendant had pleaded contributory negligence on the part of the plaintiff. Other instructions defined contributory negligence and the degree of care required of plaintiff to avoid it.

Here there was no defense of contributory negligence pleaded. An instruction, making it the duty of plaintiff to use ordinary care for her own safety, would have been proper if that issue were presented by the pleadings. But this instruction makes

it her absolute duty to exercise her intelligence to discover and avoid dangers that threaten her. That instruction in effect made it incumbent upon plaintiff to anticipate negligence on the part of the driver that might threaten her safety and apparently that too must have been done before she entered the car. At least the jury was warranted in so concluding from the instruction. Defendant contends that there was no proper objection made to instruction No. 19.

Plaintiff objected on the following ground:

"Mr. Smith: We object to Defendant's Proposed Instruction No. 16 [given as court's instruction No. 19] on the ground it's not a true statement of the law; a guest is not bound to insure the driving of his host. I object to that, it's not a true statement of the law at all, and in fact, it is prejudicial."

While the objection might have been clearer, it was sufficient to advise the court of plaintiff's particular objection. That part which was to the effect that it was not a true statement of the law was objectionable within the meaning of section 93-5101, subd. 5. But that was followed by the statement made in the objection that "a guest is not bound to insure the driving of his host."

It should be noted that plaintiff's proof did not present a case of contributory negligence on her part which if left unexplained would bar recovery as pointed out in Marinkovich v. Tierney, 93 Mont. 72, 17 Pac. (2d) 93, and other cases.

The effect of the instruction was to make plaintiff an insurer that defendant would not be negligent in his driving and the objection sufficiently pointed this out.

It also placed the burden on plaintiff to prove her freedom from contributory negligence, contrary to the established rule. Higley v. Gilmer, 3 Mont. 90, 35 Am. Rep. 450.

Since the cause must be remanded for a new trial because of error in the giving of instruction No. 19 it is unnecessary to consider other assignments of error. The judgment is reversed and the cause remanded for a new trial.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES BOTTOMLY and ADAIR concur.

MR. JUSTICE CASTLES:

I dissent.